# JULY TERM, 1864, AT LANSING.

**Henry W. Sage v. Edward C. Walker and others.**

*Renewal note when a payment.* — A note which two parties had indorsed for a
third being over due, the holder wrote the indorsers, requesting that a new
note be sent in renewal. They sent one accordingly, made and indorsed by
the same parties, payable at six months, and requested the return of the old
note. No notice was taken of this request, nor were any steps taken to fix the
liability of the indorsers on the new note; but after it fell due, suit was
brought on the old note, and the new one was tendered to the parties on the
trial, who refused to receive it. It was held, that the plaintiff, by retaining
the new note, under the circumstances, had made it his own, and it operated
as a payment of the old note.

*Heard April 21st. Decided July 15th.*

Error to Wayne Circuit.

June 1st, 1861, George B. Russell made a note for
$548.42, payable on the first of September following, to
the order of C. I. & E. C. Walker, at the Michigan
Insurance Bank, Detroit, with eight per cent interest. This
note was indorsed by the Walkers, to plaintiff, who resides
in New York city. May 12, 1862, plaintiff, still holding
the note, wrote to E. C. Walker a letter in regard to
it, saying, among other things, " Add the interest, and
give me a new note at 3, 4, 5 or 6 months." May 24,
1862, E. C. Walker replied to this letter, enclosing $100
in money, and a new note for $463.23, the balance, dated
May 1, 1862, given by Russell and indorsed by the Walk-
ers, payable six months after date at plaintiff's office in
New York; and requesting the return of the old note. The
old note was not returned by plaintiff, nor the receipt of

12 Mich.—2 B.

Walker's letter acknowledged; nor were the indorsers notified when the new note fell due and remained unpaid. November 12, 1862, plaintiff wrote the Walkers requesting payment of this second note, or a new note "to keep it alive."

The present suit was brought against the maker and indorsers, to recover the amount of the old note; the plaintiff retaining both that and the new note in his hands until the trial, when he tendered the latter to the defendants, who refused to receive it. Certain questions of evidence were raised on the trial, but they become unimportant in the view of the case taken by the Court. The Circuit Court charged the jury, that the reception of the new note by the plaintiff, enclosed in a letter from defendants, and asking for the return of the old note, made it the duty of the plaintiff, either to return the old note as asked, or to refuse to receive the new note; and that the keeping of the new note under the circumstances was an adoption of the contract as understood by defendants, and a discharge of their liability on the old note.

The jury returned a verdict for defendants.

D. C. Holbrook, for plaintiff, to the point that this charge was erroneous, cited, 2 Pars. on Cont. 196; Jennison v. Parker, 7 Mich. 355; Hotchin v. Secor, 8 Mich. 494; 2 Cr. & Jerv. 405; 5 Beav. 415; 6 T. R. 52; Byles on Bills, 304 and note, 307.

Walker & Kent, contra, cited, 30 Miss. 688; 40 Me. 457.

MARTIN CH. J.:

The charge of the Court was clearly correct, and settles the whole case, rendering a consideration of the questions of evidence unnecessary.

The effect of taking a second note upon the vitality of

SAGE v. WALKER.

the first is sometimes determinable by the law, and some-times by the contract under which it was given and received. In the present case the correspondence of the parties, which went to make up the contract, shows that the second note was given and received in discharge of the first. Walker sent forward that note to be retained only upon condition of a surrender of the first. Sage was bound to return one or the other. By retaining both, he left it with the defendants to say that he had taken the new note upon the conditions Walker required, and the first note must be considered as surrendered up. This appears to have been Sage's view, when he had by care-lessness omitted to have the second note presented and protested; for he asked for a third note in renewal of the second.

The judgment is affirmed, with costs.

The other Justices concurred.