DANIEL v. GORDY.

Opinion delivered November 4, 1907.

1. COUNTERCLAIM—CONNECTION WITH SUBJECT OF ACTION.—In a suit against a partner based upon a partnership obligation, defendant cannot set up a counterclaim alleging that he was induced by fraudulent representations of plaintiff, who was an employee of the partnership, to become a member thereof, where the representations had nothing to do with the obligation. (Page 219.)

2. PAYMENT—EXECUTION OF RENEWAL NOTES.—The execution of renewal notes for a debt is not payment of the debt unless taken as such. (Page 220.)

Appeal from Pulaski Circuit Court; Edward W. Winfield, judge; affirmed.

Morris M. Cohn, for appellant.

1. No one can take advantage of his own wrong. It was Gordy's misrepresentations and fraud that placed Daniel in the position of liability as a member of the firm. 1 Ark. 497-9; 2 Id., 73-80; 4 Id., 173-4; 35 Id., 483; 17 Id., 71; 50 Cal., 498; Bigelow on Fraud, 201; Bates on Part., § 514; 33 Penn. St. (9 Casey), 358.

2. Plaintiff elected to stand on second settlement of notes, and he can not look to the first settlement executed by different parties. 10 N. H. 77; 56 N. Y. 402; 40 Oh. St. 431; 4 Yates (Pa.), 337; 171 Penn. St. 82; 4 Rich. Law (S. C.), 59; 59 Vt. 154; 14 Ark. 276, 267; 58 Ill. 360; 10 B. Mon. 277.

3. The surrender and cancellation of the first notes evidenced their extinguishment. 5 Cal. 329; 1 La. 527; 75 Va, 726; 81 N. Y. 226.

W. C. Adamson, and Rose, Hemingway, Cantrell & Loughborough, for appellee.

1. The alleged facts of the counterclaim did not arise out of the contract or transaction, and had no connection with the $2,000 loan. Kirby's Digest, § 6099; 40 Ark. 75; 27 Id. 490; 66 Id. 406.

2. Where one note is given in renewal of another, it is only conditional payment; and when default is made upon the second note, the first revives. 68 Ark. 233; 51 Id. 300; 48 Id. 267; 45 Id. 313; 49 Id. 508; 32 Id. 733.

Both sets of notes could be sued on. Kirby's Digest, § 6079; 5 Enc. Pl. & Pr. 323.

HART, J. The Smith Grain Company, of which appellant, Daniel, was a member, was a partnership in the city of Little Rock. Appellee, Gordy, was a clerk in its employ. On December 3, 1900, Gordy lent the firm two thousand dollars, for which it executed its notes. On February 4, 1901, it executed other notes to take up the first series. None of the notes were paid, and Gordy brought suit against Daniel upon the second set, alleging that he was a member of the firm of Smith Grain Company. Daniel did not deny the advancing of the money or the execution of the notes, but set up some other defense not material to this appeal, and filed a counterclaim against Gordy alleged to have been sustained by reason of false and fraudulent statements and reports of the solvency of the Smith Grain Company made to him by Gordy to induce him to become a member of said firm.

Gordy amended his complaint by asking that, if for any reason judgment was denied him on the second set of notes, he be given judgment on the first.

Thereupon Daniel filed an amendment to his counterclaim reiterating the statements made in his first, and further saying that, after the substituted notes were executed, the Smith Grain Company, parties thereto, consisted of himself and Albert Cox; and that the said Albert Cox had no interest in the old concern of the Smith Grain Company, but that one Eggleston and one Potts were interested therein, and he further says that, after the substituted notes had been executed, Gordy collected thereon the sum of $219.37.

A demurrer was sustained to the counterclaim and the amendment thereto, save as to the allegation of the payment of $219.37, and, Daniel electing to·stand thereon as a sole defense to the action, judgment was entered against him, and he has appealed.

The statute provides that a counterclaim "must be a cause of action in favor of the defendants, or some of them, against the plaintiffs, or some of them, arising out of the contract or transactions set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action."

Kirby's Digest, § 6099. There is no connection between the cause of action set forth in the complaint and that contained in the counterclaim. It is not disputed that Gordy lent the two thousand dollars to the Smith Grain Company, a firm of which Daniel was a member. Daniel claims that he was induced to become a member of the firm by fraudulent misrepresentations of Gordy in regard to the firm's solvency; but it does not appear that the representations had anything to do with the loan of the two thousand dollars. The statute in question has been recently construed in the case of *Barry-Wehmiller Machine Company* v. *Thompson*, 83 Ark. 283, and that case is decisive of the present suit.

In answer to the second proposition of appellant, it is well settled in this State that the giving of notes for a debt is no payment of the debt unless by agreement of the parties the notes are taken in payment, and the execution of the renewal notes for the debt is not payment of the debt unless taken as such. *Triplett* v. *Mansur-Tebbetts Implement Company*, 68 Ark. 233.

Judgment is affirmed.