## DITZLER DRY GOODS CO. v. SANDERS.

No. 4146.   Opinion Filed January 26, 1915.

(146 Pac. 17.)

1. **MASTER AND SERVANT—Discharge of Servant—Damages —Right of Action.** Where a person has entered the employment of another under a definite contract to work for a ·definite time for certain wages, and after working a part of the

time is discharged wrongfully by the employer before the expiration of his term of service, such employee has a right to bring suit immediately, based on the wrongful breach of the contract, and recover damages commensurate with the injury he has suffered because of the breach of contract.

2. **SAME—Measure of Damages—Burden of Proof.** The measure of damages for the breach of a contract of employment by the employer is **prima facie** the sum stipulated to be paid for the services; and the burden of reducing the damages by proof that the servant has, or might with reasonable diligence have, obtained other remunerative employment after his discharge rests on the employer.

3. **APPEAL AND ERROR—Harmless Error—Argument of Counsel.** A case will not be reversed because of remarks of counsel in the argument, outside the record, unless the remarks are of such a nature as to prejudice the minds of the jury, or to work, in some way, substantial harm to the other side of the case.

(Syllabus by Brewer, C.)

*Error from County Court, Carter County;*

*M. F. Winfrey, Judge.*

Action by J. R. Sanders against the Ditzler Dry Goods Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*Potterf & Walker,* for plaintiff in error.

*L. G. Shelton,* for defendant in error.

Opinion by BREWER, C. This is a suit based upon the alleged wrongful discharge of a servant. Sanders, as plaintiff in the lower court, brought suit against the plaintiff in error, and alleged, in substance: That in the early part of 1911 plaintiff entered into the service of the dry goods company under a contract that he was to remain in its employ until September 1, 1911, at the rate of $65 per month. That in pursuance of said contract he entered upon his duties and continued therein until the 15th day of July, 1911, when the defendant wrongfully discharged him and refused to permit him to serve the remainder of his term, although the plaintiff then and there offered to con-

tinue in said service and perform said agreement on his part, and that by reason of his said discharge he had been damaged in the sum of $97.50. The defendant, the dry goods company, filed a general denial for an answer.

At a trial on appeal in the county court, the plaintiff testified, relative to his contract of employment, in harmony with the allegations of his petition. The defendant introduced proof tending to show that the employment was for no definite time, but was by the week, and that he was paid for his services by the week, and that therefore his discharge does not constitute a breach of any contract between the parties. Upon this point, which was the vital point under the issues presented by the pleadings, there was a sharp conflict in the evidence, and this phase of the case was clearly and specifically submitted to the jury, and it found in favor of the plaintiff below. There was ample evidence to sustain this finding for the plaintiff, which necessarily involved the finding that there was a contract of employment as claimed by plaintiff, and that it had been breached. We have no right to take up the evidence and weigh it, as this is the province of the jury, under the circumstances detailed.

The plaintiff in error argues several propositions which it is claimed will require a reversal of the case, namely: (1) That the court erred in overruling defendant's plea in abatement. (2) The court erred in overruling the demurrer to the testimony, and in not directing a verdict for the defendant. (3) In refusing certain requested instructions and in giving certain other instructions. (4) Improper remarks of counsel in argument.

The plea in abatement was predicated on the claim that the suit was prematurely brought. In other words, it is claimed: That the suit, as shown by the petition, is not a suit for breach of contract, but rather one for wages "constructively earned," and that therefore the suit could not be brought until after the expiration of the term of the contract. We do not take this view of the petition. It is true it is brief, as is usual with pleadings when filed in a justice of the peace court, but we think it clearly

sets out the contract of employment, alleges its breach, and that the breach thereof resulted in the damage claimed; that therefore it should be properly considered as a suit for a breach of the contract of employment, and that the recovery, if had, would be in the nature of damages.

It was for a long time held in the English courts that, if a servant was wrongfully discharged, he might treat the contract as still existing, and sue for his wages as they became due. This gave rise to the doctrine of "constructive services," and in such cases the servant sued on the contract for wages for the time he was not allowed to serve. This rule was followed in the earlier cases in this country, as is said in 26 Cyc. 999, and is still followed in some of the states; but the doctrine has since been repudiated by the courts of England and the majority of the courts in this country. These later authorities hold that, if a servant be wrongfully discharged, he has no action for wages, except for services past rendered. As far as any other claim on the contract is concerned, he must sue for the injury he has sustained by his discharge, in not being allowed to serve and earn the wages agreed on. As has been said, we think the petition in this case, when properly considered, asserts a claim for the injury he has received on account of the breach of the contract. It is said in 26 Cyc. at page 1002:

"Generally it may be said that the petition * * * in an action for wrongful discharge is sufficient if it contains all that it is nesessary for plaintiff to prove under a plea of the general issue; and, where a complaint alleges facts sufficient to constitute a cause of action for damages for breach of contract, the fact that the prayer is for judgment for wages instead of for damages does not render it fatally defective."

In this case the prayer is not for wages, but is in general terms for the amount named in the preceding paragraph as the amount of damages sustained. In this connection it is not amiss to add that, where a master wrongfully discharges his servant before the expiration of his term, the servant may sue at once for any damages he may have sustained because of the

wrongful breach of his contract of employment. The defense of a general denial, in such a case of wrongful discharge, will put in issue the contract of employment, and the question of a breach thereof. Where the contract is for a definite term, and the breach is admitted, and the defendant desires to justify the breach, the facts which it is claimed would justify the breach of the contract should be pleaded in the answer. In such a suit, it is not a complete defense to plead and prove that the servant has had, or by the exercise of reasonable diligence might have had, other employment. Such evidence does not justify the breach, but may be resorted to in mitigation of (that is, to reduce) the amount of the damages. In 26 Cyc. 1006, it is said:

"The measure of damages for the breach of a contract of employment by the employer is *prima facie* the sum stipulated to be paid for the services, and the burden of reducing the damages by proof that the servant has, or might with reasonable diligence have, obtained other remunerative employment after his discharge rests on the employer."

2. The contention that the court erred in overruling the demurrer to the evidence is without merit, as has been shown earlier in this case. The only issue presented by the answer was a denial of the things stated in the petition, and referred solely to the question of whether or not there was employment for a definite time, as claimed by plaintiff, and, if so, whether or not defendant had breached the contract. The interested parties, upon the issue regarding the time of employment, contradicted each other flatly. That he was discharged is not denied. It will not do to say that because there were more witnesses, and some circumstances, tending to show that the employment was by the week rather than until September 1st, we therefore will weigh the evidence and decide according to where we may think the preponderance lies. We have no such duty under the laws and rulings in force in this state. The jury saw and heard the various witnesses, observing their demeanor, their manner of testifying, and, in the light of these facts, determined the credibility

of the witnesses and the weight and value to be given their testimony. The opportunity of the jury to do this correctly was far better than ours.

3. Some contention is made here that the court erred in giving certain instructions and refusing certain others requested by the defendant. The instructions offered, and those complained of, are merely referred to in the brief in a most general way. Rule No. 25 (38 Okla. x, 137 Pac. xi) of this court requires that, when an instruction either given or refused is complained of, it should be brought into the brief and set out *in totidem verbis.* Under this rule, we are under no obligation to go to the record and search instructions out, but we have done so in this case; and if our view is correct as to the issues involved here, and that the suit was not prematurely brought, as we have held, then the instructions were in all things substantially correct; and the ones offered by the defendant were incorrect, because based, as we think, upon a wrong theory of the case as made by the pleadings.

4. The fourth contention is based upon remarks of counsel made in arguing the case to the jury. It seems that a man named Brown, who testified for the plaintiff in the case, is also an attorney at law, and had signed the original petition herein in such capacity. In arguing the case the defendant's counsel sought to weaken and discredit the testimony of this witness because of the charge that he was interested as an attorney in the case. Replying to this, the plaintiff's attorney undertook to explain to the jury that, while the original petition was signed by Brown, in fact it had been so signed as an accommodation to the attorney who tried the case, and that Brown was not, in fact, in any way interested financially in the result. It is perhaps true this was going slightly out of the record, but we cannot believe that it could have prejudiced the defendant. We take it that it was a matter of small moment, and was very likely treated as unimportant by the jury. It is only where the remarks of counsel are not only outside the record, but are

of such a nature as to be harmful and damaging to the other side, that they will require a reversal of the case. We have read the entire record, and we have failed to find any substantial error.

The cause should be in all things affirmed.

By the Court: It is so ordered.