## SHARPLESS SEPARATOR CO. et al. v. GRAY.

No. 8210—Opinion Filed Dec. 19, 1916.

(161 Pac. 1074.)

**1. Pleading—Petition—Defects.**

Where a petition is attacked for the first time by objection at the trial to the introduction of any evidence thereunder, and there is not a total failure to allege some essential matter, and the allegations are simply incomplete and indefinite or conclusions of law, such objection to the introduction of evidence w ll be overruled.

**2. Master and Servant—Contract of Employment—Action for Breach—Petition.**

In an action to recover damages for the breach of a contract for employment, necessary averments in the petition are: (1) An allegation of the execution of the contract; (2) an allegation of its breach; (3) an allegation of performance or readiness to perform on the part of plaintiff; and, (4) an allegation of the damages sustained by the plaintiff.

**3. Same.**

Where a petition to recover damages for the breach of a contract for employment contains the necessary allegations to constitute a cause of action for damages for breach of contract, the fact that the damages claimed are denominated salary instead of damages does not render it fatally defective.

**4. Same—Measure of Damages.**

The measure of damages for the breach of a contract of employment by the employer is prima facie the sum stipulated to be paid for the services; and the burden of reducing the damages by proof that the servant has, or might with reasonable diligence have, obtained other remunerative employment of a like character after his discharge, rests on the employer.

**5. Same—Instructions.**

The defendant having neither pleaded nor proved that plaintiff had, or might with reasonable diligence have, secured other remunerative employment after his discharge, an instruction directing the jury that, if they found for the plaintiff, it would be their duty to award him the balance due under the terms of the contract, is not erroneous.

**6. Trial—Instructions—Sufficiency.'**

Instructions examined, and held free from reversible error.

(Syllabus by Rummons, C.)

Error from District Court, Oklahoma County; John W. Hayson, Judge.

Action by C. H. Gray against the Sharpless Separator Company, a corporation, and another. There was a judgment for plaintiff, and defendants bring error. Affirmed.

Everest & Campbell, for plaintiffs in error.

Ledbetter, Stuart & Bell, for defendant in error.

Opinion by RUMMONS, C. This action was commenced in the district court of Oklahoma county on June 18, 1915, by the defendant in error, hereinafter called the plaintiff, against the plaintiffs in error, hereinafter called defendants, to recover the sum of $890, with interest, for the breach of a contract of employment for the year 1914. The petition of plaintiff, omitting the caption, signature, and exhibits, is as follows:

"Now comes the plaintiff and represents to the court that on or about the 11th day of October, 1913, the defendants entered into a written contract with the plaintiff, whereby they employed him to work for them at a salary of $125 per month from the 1st day of January, 1914, until the 1st day of January, 1915, said salary of $125 payable monthly; that on the 1st day of January, 1914, the plaintiff entered upon said contract and worked for the said defendants under said contract until the 1st day of June, 1914, a copy of said contract, which is a proposition accepted by this plaintiff is hereto attached, marked Exhibit A and made a part hereof; that during the month of May, 1914, the defendants without any excuse or cause, discharged this plaintiff from their services, and have failed and refused since the 1st day of June, 1914, to pay him said salary, according to contract, although this plaintiff has been ready and willing to comply with his part of said contract during all of said time, and has tendered to the defendants his services.

"That the said defendants, the Sharpless Separator Company and the Sharpless Separator Company of Texas, are one and the same institution, and the Sharpless Separator Company of Texas is merely the name under which the Sharpless Separator Company manages its branch office at Dallas, Tex., and the said Sharpless Separator Company owns all the assets and has assumed all the liabilities of the said Sharpless Separator Company of Texas, both of said corporations being foreign corporations and nonresidents of the state of Oklahoma.

"That by reason of the execution of said contract and the discharge of this plaintiff, and by reason of the failure of the defendants to pay this plaintiff his salary from the 1st day of June, 1914, the defendants have become liable to this plaintiff in the sum of $875, with interest on each month's salary from the end of said month until this date at the rate of 6 per cent. per annum, or in the total sum of $890, for all of which the defendants have become liable to this plaintiff.

"And this plaintiff here states that his claim is a civil action for the recovery of money, the same being for salary contracted for and now past due; that said claim of plaintiff against defendants is just, and the plaintiff ought to recover said sum of $890. w'th in-

terest thereon from this date at the rate of 6 per cent. per annum. And this plaintiff here states and alleges that the defendants are foreign corporations and nonresidents of the state of Oklahoma.

"Wherefore plaintiff prays that he have judgment against said defendants and each of them for said sum of $890, with interest thereon from this date at the rate of 6 per cent. per annum, and that an attachment issue requiring the sheriff to attach the lands, tenements, goods, chattels, stocks, rights, credits, tenements, goods, chattels, stocks, rights, credits, moneys, and effects of the defendants and each of them in said county, not exempt by law from being applied to the payment of plaintiff's claim, or so much thereof as will satisfy the plaintiff's claim. Plaintiff prays for such other and further relief as he may be entitled to in law and in equity."

Defendants answered, denying the execution of the written contract alleged in the petition, and alleging that the plaintiff entered the employ of the defendants in the year 1914, under an oral contract between the plaintiff and defendants by the terms of which defendants reserved the right to discharge plaintiff at any time by giving 30 days' notice, and alleging that such notice was given by defendants, and that all the terms of said contract were complied with by defendants prior to plaintiff's discharge by defendants. Plaintiff replied, denying the allegations of the answer. The cause was tried to a jury, resulting in a verdict in favor of the plaintiff in the sum of $875. The defendants, having unsuccessfully moved for a new trial, prosecute this proceeding in error to reverse the judgment of the court below.

Under a number of assignments in error, the defendants present four questions for review: (1) That the court erred in overruling the objection of defendants to the introduction of any evidence, for the reason that the petition failed to state a cause of action; (2) that the evidence of the plaintiff did not justify a verdict in his behalf; (3) that the court erred in giving to the jury instruction No. 13; and (4) that the court erred in giving to the jury instruction No. 15.

The principal contention in the brief of counsel for defendants is that the petition fails to state a cause of action, for the reason that it sets out a cause of action for the recovery of salary due the plaintiff for "constructive service" after his discharge, and that, as the doctrine of "constructive service" by a discharged employe during the remainder of the term for which he was employed does not obtain in this state, and as the only recovery that can be had for a breach of a contract of employment is in an action for damages for such breach, the petition fails to state a cause of action.

Defendants did not demur to the petition of plaintiff, but saved their objection to its sufficiency by an objection to the introduction of evidence. It has been repeatedly held by this court that an objection to the introduction of evidence as a means of attacking the sufficiency of a pleading is not looked upon with favor, but, where the pleading wholly fails to state a cause of action or defense, such objection shall be sustained, and where the only objection made to a petition is by objection at the trial to the introduction of any evidence thereunder, and there is not a total failure of averment as to some essential matter, but the allegations are simply incomplete and indefinite or conclusions of law, objection to the introduction of evidence will be overruled. First National Bank v. Cochran, 17 Okla. 538, 87 Pac. 855.

Under these rules of law, is the petition fatally defective? It is contended by defendants, and borne out by the weight of authority, that an action will not lie for "constructive services" for the discharge of an employe employed for a definite term before the end of the term, but that the employe's remedy is by action for damages for breach of contract of employment.

In Ditzler Dry Goods Co. v. Sanders, 44 Okla. 678, 146 Pac. 17, it is said by Commissioner Brewer, delivering the opinion of the court:

"It was for a long time held in the English courts that, if a servant was wrongfully discharged, he might treat the contract as still existing, and sue for his wages as they became due. This gave rise to the doctrine of 'constructive services,' and in such cases the servant sued on the contract for wages for the time he was not allowed to serve This rule was followed in the earlier cases in this country, as is said in 26 Cyc. 999, and is still followed in some of the states; but the doctrine has since been repudiated by the courts of England and the majority of the courts in this country. These later authorities hold that, if a servant be wrongfully discharged, he has no action for wages, except for services past rendered. As far as any other claim on the contract is concerned, he must sue for the injury he has sustained by his discharge in not being allowed to serve and earn the wages agreed on. As has been said, we think the petition in this case, when properly considered, asserts a claim for the injury he has received on account of the breach of the contract. It is said in 26 Cyc. at page 1002: 'Generally it may be said that the petition * * * in an action for wrongful discharge is sufficient if it contains all

that it is necessary for plaintiff to prove under a plea for the general issue; and, where a complaint alleges facts sufficient to constitute a cause of action for damages for breach of contract, the fact that the prayer is for judgment for wages instead of for damages does not render it fatally defective.' "

The necessary allegations in a petition to recover damages for the breach of a contract of employment are (1) An allegation of the execution of the contract; (2) an allegation of its breach; (3) an allegation of the performance or readiness to perform on the part of the plaintiff; and (4) an allegation of the damages sustained by the plaintiff.

The petition in the instant case contains the necessary averments as to the execution of the contract, as to its breach, and as to performance or readiness to perform on the part of the plaintiff. The petition then alleges that "by reason of the failure of the defendants to pay this plaintiff his salary from the 1st day of June, 1914, the defendants have become liable to this plaintiff." The petition then alleges that plaintiff's claim is a civil action for the payment of money, the same being for salary contracted for and now past due, and prays for an attachment. This latter allegation, and the prayer for attachment, form no part of the petition and had no place in it, and may be treated as surplusage.

In a subject note to the case of Howay v. Going-Northrup Co., 6 L. R. A. (N. S.) 49, at page 67, the authorities are collated to the effect that in a petition containing the necessary allegations as to the execution of the contract and its breach by the defendant the damages are sufficiently alleged, even though they be denominated wages for the unexpired term of employment.

In the case of Ditzler Dry Goods Co. v. Sanders, supra, Commissioner Brewer quotes with approval from 26 Cyc. 1002, to the same effect. We therefore conclude that the petition in this case was not vulnerable to attack by objection to the introduction of evidence.

As to the objection of defendants that the evidence of plaintiff was not sufficient to justify a verdict in his behalf, no argument is presented in the brief of defendants other than the proposition before stated, that the plaintiff was not entitled to recover for "constructive services." From the view we take of the petition this action was an action for damages for a breach of contract of employment, and it follows there is no merit in this contention of the defendants.

Defendants next complain of the giving of instruction No. 13, which is as follows:

"If after a fair and impartial consideration of all of the testimony in this case, and in compliance with the instructions herein given you, you believe that the plaintiff has established by a preponderance of the testimony that he had a contract in writing with the defendant, by the terms of which he was employed for one year, beginning January 1, 1914, and terminating January 1, 1915, by the terms of which he was to be paid the sum of $125 per month, and that the defendants, without any fault on plaintiff's part, discharged the plaintiff and has since failed to pay him from the 1st day of June, 1914, it would be your duty to find for the plaintiff for the balance due under the terms of the contract, not to exceed in all the sum of $890, with interest at the rate of 6 per cent. from January 18, 1915."

They also complain of the giving of instruction No. 15, which is as follows:

"You are instructed that under a contract of employment entered into between the parties, where the time of employment is not definitely stated, the employer may discharge an employe at any time he sees fit, but where the time is definitely fixed for which the employe has been employed, then the employer cannot discharge the employe unless for good cause, without becoming liable for the balance due under the contract."

These instructions are considered together by counsel for defendants in their brief, and they may be so considered in this opinion. These instructions are not open to the objection that they do not clearly state the measure of damages applicable to this case

The measure of plaintiff's recovery in an action for breach of a contract for employment is prima facie the sum stipulated to be paid by the employer for the services, but it is subject to reduction in such sums as the plaintiff has earned or might with reasonable diligence have earned during the period by securing other employment of a similar character, but the plaintiff is neither required to allege nor prove that he has been unable to secure other employment. The burden is upon the defendant to plead and prove in mitigation of damages that the plaintiff has, or might with reasonable diligence have, obtained profitable employment during the remainder of the term. Ditzler Dry Goods Co. v. Sanders, supra; Howay v. Going-Northrup Co. 6 L. R. A. (N. S.), note page 99.

As the defendants neither pleaded nor offered evidence to show that the plaintiff had, or might with reasonable diligence have, secured other remunerative employment after his discharge, no issue was raised by the pleadings or the proof as to the amount of the recovery. As the instructions complained of clearly state the rule as to the prima facie

measure of plaintiff's · damages, the defendants were not prejudiced by the court's failure to instruct upon the mitigation of damages because of the securing of other remunerative employment by the plaintiff as no such issue was presented by the pleadings.

Finding no error in the record, the judgment of the court below should be affirmed.

By the Court: It is so ordered.