TOULMIN & TOULMIN *v.* UNDERWOOD.

Opinion delivered January 31, 1927.

1. PAYMENT—ACCOUNT SETTLED BY NOTE.—The mere giving of a promissory note for an antecedent debt does not extinguish the debt unless the note is received in payment of the debt, but a note given and received for and in discharge of an open account is a bar to an action upon the account.

2. PAYMENT—PRESUMPTION.—Where a note is given subsequently. to the existence of an account, the presumption is that the account was settled by the note; but this presumption may be rebutted by proof.

3. BILLS AND NOTES — PAYMENT OUT OF COLLECTIONS.—Where attorneys accepted in satisfaction of their account against clients the latter's note reciting that it was to be paid out of collections by the attorneys from parties indebted to the clients, the attorneys must look to such collections alone for payment of the note.

4. BILLS AND NOTES—PAYMENT—BURDEN OF PROOF.—In an action on a promissory note, the makers have the burden of proving that the payees agreed that the note should be paid by their collections of amounts due to the makers from third persons.

5.  ACCOUNT—BURDEN OF PROOF.—In an action to recover the amount due on an account, plaintiffs have the burden of proving that the account is due.

6.  APPEAL AND ERROR—REMARK OF COURT HARMLESS WHEN.—In an action on a note, a remark of the court that he did not think the cross-examination of a certain witness had anything to do with the case, if error, was not prejudicial, where such cross-examination was with reference to payment of a note, which matter had been fully developed.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; affirmed.

*D. H. Powell,* for appellant.

*Starbird & Starbird,* for appellee.

MEHAFFY, J.   The appellants brought suit in the Crawford Circuit Court against the appellees for $1,095, for $995 of which appellants had received the note of J. T. Underwood, and $100 was alleged to be for services not included in the note.   The defendants denied the indebtedness of $100, and admitted the execution of the note, and pleaded a final settlement, and alleged that the note was given and received in payment, and that it was agreed that the note was to be paid out of money collected on notes due appellees; alleged that the appellants had neglected to collect the note, and that, for that reason, there was nothing due on the note.

The undisputed proof shows that, on July 25, 1922, the appellee, J. T. Underwood, executed and delivered to the appellants the following note:

"$995                                    July 25, 1922.

"Ninety days after date I promise to pay to the order of Toulmin & Toulmin nine hundred and ninety-five dollars, at their offices in Schmind Bldg., Dayton, Ohio. Value received.

"J. T. Underwood.

"No.................... Due....................

"Indorsed:  Toulmin & Toulmin."

On the same day and at the same time the appellants executed and delivered to John T. Underwood the following agreement:

"H. A. Toulmin,                    Dayton, Ohio,
"H. A. Toulmin, Jr.                Schwind Building
"F. W. Schæfer,                    Washington, D. C.
                                   McGill Building.
               "Patent Law Offices,
                "Toulmin & Toulmin.
                      Dayton, Ohio, July 25, 1922.
"Mr. John T. Underwood,
       City.

"Dear sir: It is agreed that the promissory note you gave us this date for $995 for ninety days is to be paid out of the proceeds to be derived from the note of the Underwood Gas Producer Co., made in favor of yourself and Mrs. Underwood and payable October 24, 1922.

                "Yours truly,
                       "Toulmin & Toulmin."

Also at the same time, July 25, 1922, the appellants rendered a statement to John T. Underwood, in which they state:

                                   "Dayton, Ohio.
                                   July 25, 1922.

"Mr. J. T. Underwood,
       To Toulmin & Toulmin, Dr.
         Patent Counselors.

By statement rendered July 8, 1921............$495
To time and services rendered since said
    statement of July 8, 1921.......................... 500
                                              _____
                                                $995

"Rec'd. payment by note of John T. Underwood dated July 25, 1922.
                       "Toulmin & Toulmin."

It will be observed that the appellants signed the statement that they had received payment. It therefore appears that the written contract entered into between the parties shows not only that the note was executed but also shows that it was received by Toulmin & Toulmin in payment of their account against the Underwoods.

There are only two questions in this case necessary to consider:

First: Was the note received as a payment of said indebtedness?

Second: Was it to be paid out of notes which other parties owed the Underwoods?

If the note was received in payment, then it extinguished the original debt, and appellants could not maintain a suit for the debt. Not only does the testimony of the appellee show that it was received in payment, but the written statement of appellants themselves shows that they did receive the note in payment. It is well settled that the mere giving of a promissory note for an antecedent debt does not extinguish the debt unless the note is received in payment of the debt, but it is also well settled that, if a note is given and received for and in discharge of an open account, it is a bar to an action upon the account. This court said, in *Costar & Harvick* v. *Davies & Gaines,* 8 Ark. 213:

"An action cannot be maintained on an original contract for goods sold and delivered by one who has received a note as a conditional payment and has passed away the note. A promissory note given and received for and in discharge of an open account is a bar to an action upon open account, although the note be not paid. A note without a special contract will not of itself discharge the original cause of action, but, by express agreement, even the note of the third person may be received in payment. In general a higher security taken from the debtor himself extinguishes the original contract. This proceeds upon the presumption of law that it is taken in satisfaction of the original debt; for, if it appears otherwise upon the face of the security, it will not operate as an extinguishment. It is a mere question of intention."

Where a note is given subsequent to the existence of an account, the presumption is that the account was settled by the note. Again, this court has said:

"It is true that a note given and accepted in discharge of an open account bars an action on the account; and, when a note is taken subsequent to the existence of an account, the presumption of the law is that the outstanding account is settled by the note; but it is a presumption merely, and may be rebutted by proof. It is a question of intention." *Carlton* v. *Buckner,* 28 Ark. 66.

In the case at bar, however, the written statement of the appellants themselves shows that the note in this instance was received in payment. This written statement was a part of the contract entered into at the time, just as much as the note was a part of the contract. Both instruments were signed at the same time, the receipt of the appellants showing that the note was received in payment of the account. In fact, the appellants presented the appellees with a statement of their account, at the bottom of which was written: "Received payment by note," and signed this statement. So, we do not think there could be any question of the intention here. The written contract itself shows that it was received in payment of the existing indebtedness, a statement of which was presented to appellees at the time. It has also been said by this court:

"It is well settled in this State that the giving of notes for a debt is no payment of the debt, unless, by agreement of the parties, the notes are taken in payment." *Daniel* v. *Gordy,* 84 Ark. 218, 105 S. W. 256.

Here we have the positive agreement of the parties in writing that the notes were received in payment of the account. All of the authorities are to the effect that the mere giving a note without agreement does not discharge a debt, but that the giving of a promissory note, with the agreement of the parties that the notes are taken in payment, always extinguishes the original debt. *Triplett* v. *Mansur-Tebbets Implement Co.,* 68 Ark. 230, 57 S. W. 261, 82 Am. St. 284.

Since the writing itself in this case shows that the note was received in payment, we think the debt was

extinguished, and that the suit in this case was properly a suit on the note.

The second proposition is whether, under the contract, the notes were to be paid out of the collections made by Toulmin & Toulmin from parties indebted to the Underwoods. The preponderance of the testimony shows that the appellants had in their possession for collection certain notes due the Underwoods, and that their written agreement, made at the time the $995 note was given, was that said note was to be paid out of the proceeds to be derived from the note of the Underwood Gas Producer Company, made in favor of John T. Underwood and Mrs. Underwood, and payable October 24, 1922, and the testimony of appellee shows that the Toulmins simply neglected to collect these notes. We think the parties had a right to make this agreement, whatever their reason or purpose may have been in making it; that they did make it; and that it was a valid, binding agreement of the parties. According to the preponderance of the evidence, they had the notes which they were to collect, in their possession at the time, and kept them, and, if the agreement was valid, they would have to undertake to make the collection, or, at any rate, they would have to look to the proceeds of said notes for payment of the note to them. It is well settled that any mode of payment accepted by the payee would be binding on him. In other words, payment can be made in anything or in any manner which the creditor is willing to accept.

"An allegation of payment admits evidence of payment in cash or in any other mode agreed upon by the parties, e. g., by delivery of chattels received by the creditor in satisfaction of his demand, or by giving and acceptance of anything in lieu of money, and in discharge of the debt. Payment may be made in anything that the creditor will receive in payment." Bush v. Sproat, 43 Ark. 416; Williams v. Uzzell, 108 Ark. 242, 156 S. W. 843.

The appellants complain of the action of the court in giving and refusing instructions, and they also complain because the court stated that he did not think the cross-

examination by Mr. Howell had anything to do with the case. The court properly instructed the jury, we think, that the burden was upon the Underwoods to show by a preponderance of the testimony that the $995 note was to be paid by notes from other people and owing to the Underwoods and in the hands of the plaintiffs for collection. The court stated to them that, if they showed these facts by a preponderance of the testimony, the verdict should be in favor of the Underwoods on the question of the note; certainly there was no error in this. If the appellees showed by a preponderance of the testimony that the $995 note was to be paid from the proceeds of these other notes, and showed that they were in the hands of the holder of this note for collection, and that the agreement was that they were to collect these notes, or had them for collection and were to pay themselves the note due them out of the proceeds of these other notes, the Underwoods would be entitled to a verdict.

The parties had the right to make the agreement about the manner of the payment of the note, they had the right to agree that it should be paid out of the proceeds of the other note, and this was shown in writing, and the instruction simply told the jury that they would have to show these facts by a preponderance of the testimony, that is, show that this was the agreement, and the court required them to show further that the other notes were in the hands of appellants for collection. The instruction went further, and told the jury, if they did not so find from a preponderance of the testimony, that their verdict should be for the plaintiffs. We think this was a correct instruction.

The court instructed, as to the $100 account, that it was only a question of fact for them to determine, and instructed properly that the burden of proof was on the appellants to show by a preponderance of the testimony that the defendants owed them $100. The first instruction requested by plaintiff was properly refused because, as we have already shown, if the note was accepted by appellants in payment of the original account, any

cause of action the appellants might have against the appellees would be upon the note, because, if accepted in payment, it would extinguish the original debt.

The remark of the court objected to by appellants was not a charge to the jury in regard to any matters of fact, but it was a declaration of law. The court simply stated that he did not think the cross-examination of Mr. Howell had anything to do with the case. He made this statement because, evidently, he had concluded the only question in the case was whether or not they were to get their money out of these notes; that is, whether or not this contract had been made; and stated to attorney for appellant that he might go fully into that matter.

The cross-examination to which the appellant objected was with reference to the payment of the $995 note, which the appellees admitted had not been paid, and with reference to the notes which Toulmin & Toulmin had for collection, and as to whether they had been sued on, and if that was not the reason why witness had copies instead of the original. There was no effort made to show that appellants had endeavored to collect said notes; and, since the appellants were permitted to develop the case fully as to whether the note was received in payment of the account and whether it was to be paid out of the proceeds of the other notes, and these two questions were fairly submitted to the jury under the instructions of the court, telling them that the burden was upon the Underwoods upon these questions, we think there was no prejudicial error in the remark of the court. The real issues in the case were questions of fact properly submitted to the jury, and there was evidence to sustain their verdict.

The judgment is therefore affirmed.