## CHASE *v.* GREGORY.

1. BILLS AND NOTES—PAYMENT.

   Upon indorsee's unqualified acceptance of payees' proposition to accept part payment in cash and payees' new note for balance of original note, the principal of which had been paid by makers to payees, and acceptance of cash and new note by indorsee pursuant to such offer with knowledge of makers' payment, indorsee became legally obligated to surrender original note as a paid and cancelled obligation.

2. SAME—PAYMENT—EVIDENCE.

   Evidence, in action on original note by indorsee against makers and payees, *held,* to show clear understanding of parties concerned that part payment in cash and new note for balance signed by payees only constituted payment and satisfaction of original note.

3. SAME—RETURN OF NEW NOTE.

   Indorsee's return of new note made by payees of original note upon trial of action by indorsee on original note against makers and payees, *held,* of no effect upon plaintiff's right to recover where payees had offered, and indorsee had accepted, their own new note and some cash in payment of original.

4. PAYMENT—BILLS AND NOTES—INTENT—EVIDENCE.

   A note should be regarded as payment of a debt when it appears such was the intention of the parties and such intent may be proved by acts and conduct of the parties as well as by direct proof of an express promise.

Appeal from Lapeer; Gadola (Paul V.), J., presiding. Submitted October 16, 1935. (Docket No. 96, Calendar No. 38,265.) Decided December 10, 1935.

Assumpsit by Samuel Chase against Arnold Gregory and wife and Clark Gregory and wife on a

promissory note.   Judgment for plaintiff.   Defendants appeal.   Reversed.

*Herbert W. Smith,* for defendants.

NORTH, J.   Defendants, Arnold and Margaret Gregory, gave their promissory note for $500 to defendants, Clark and Amelia Gregory, payable 12 months after date.   Before maturity the payees for valuable consideration negotiated the note to plaintiff, Samuel Chase, who resides in the State of New York.   Arnold Gregory is the son of Clark Gregory. As the result of some business transactions between these two men prior to the maturity of the note, Arnold paid his father the face of the note, but not the accrued interest.   The makers of the note claim, and the undisputed testimony tends to show, that payment of the note was made without any knowledge that it had previously been negotiated to plaintiff.   Upon demanding payment after the note fell due Mr. Chase was informed of the payment to Clark Gregory by Arnold Gregory; but the latter offered to pay and did pay to Mr. Chase the accrued interest. Thereafter Mr. Chase wrote to Clark Gregory and, calling his attention to the fact that he had received the principal sum for which the note was given, demanded payment.   Correspondence passed between the parties in which Mr. Clark Gregory asserted inability to pay the full amount due to plaintiff and offered to give a new note signed by Mr. Clark Gregory and wife payable in six months.   In fact, without first learning whether a renewal note would be acceptable, such a note payable in 60 days from date was mailed by Mr. Clark Gregory to Mr. Chase. Further correspondence followed from which it appears that Mr. Chase was unwilling to accept a re-

newal note for the full amount. But finally Mr. Clark Gregory wrote to Mr. Chase and we quote the letter in part:

"Received your letter under date of November 27th, relating to a payment at this time. However, I am only able to raise a loan of $200, which is 40 per cent. of the note, and trust that this cash payment, with a new 60-day note for $300 will be satisfactory. * * * Today I am sending a certified check for $200 and a new note for $300 to the City National Bank & Trust Company of Gloversville (where Mr. Chase resided), with the instructions to them that upon receipt from you of the original note given for one year, due last August, made by Arnold and Margaret Gregory, and indorsed by me and my wife for $500, maturing in August, 1931, and the last 60-day note signed by me and my wife sent to you about the 14th day of November of this year, that they deliver to you in exchange the certified check and the new note."

On the same day plaintiff received the above-quoted letter he replied as follows:

"Mr. Clark Gregory: Received your letter and will accept same."

Notwithstanding the provision in Mr. Gregory's offer that the original note for $500 should be surrendered to the correspondent bank for return to Mr. Gregory, as a matter of fact Mr. Chase delivered to the bank only the 60-day note which had been recently mailed to him by Mr. Gregory. The certified check for $200 and the new note for $300 were delivered by the bank to Mr. Chase and retained by him. This new note for $300 was signed by Clark Gregory and his wife, Amelia, only; and, of course, in no way obligated Arnold Gregory or his wife, who were the makers of the original note. After matu-

rity of the $300 note which Mr. Chase received from the bank, he brought this suit on the original $500 note on which Arnold Gregory and his wife were makers and Clark Gregory and his wife indorsers. In his declaration he admitted payment of $200, December 7, 1931 (being the amount paid through the City National Bank & Trust Company to plaintiff), and sought to apply this as a payment on the original $500 note, thus leaving a balance of principal in the amount of $300 for which, together with accrued interest, plaintiff asked judgment against each of the four defendants. The case was heard in the circuit court without a jury. Plaintiff had judgment for $403, being the balance of principal and accrued interest. Defendants have appealed.

While it does not very definitely so appear from the record, the trial judge seems to have concluded that plaintiff was entitled to recover on the original note because there was a misunderstanding or a failure of the meeting of the minds of the parties at the time Mr. Chase received from the bank the $300 note which was signed by Mr. Clark Gregory and his wife only, instead of being executed by each of the four parties who were liable to Mr. Chase on the original $500 note.

In the correspondence which preceded the letter from which we have hereinbefore quoted the only proposition made to Mr. Chase by Mr. Clark Gregory in regard to a renewal note was a note signed by himself and his wife. The renewal note for $500 payable in 60 days first received through the mail by plaintiff was signed by Clark Gregory and wife only. The correspondence contains no objection to the proposed renewal notes on the ground that they were not signed by or to be signed by Arnold Gregory and wife. But in any event, by accepting and retaining the $200 paid through the bank and by accepting and

retaining the new note for $300, all of which was in exact accordance with the offer of Mr. Clark Gregory which was accepted by Mr. Chase, the latter became legally obligated to surrender the original note as a paid and cancelled obligation; and plaintiff could not thereafter successfully assert a right of recovery thereon. The offer which plaintiff accepted expressly provided that the $300 note and the certified check for $200 were to be delivered "in exchange" for the original $500 note and the return of the renewal 60-day note theretofore mailed by Clark Gregory to plaintiff. Under the facts disclosed by this record we think it was the clear understanding of the parties concerned that the cash remittance and the new note forwarded to plaintiff through the correspondent bank should be and were accepted by him in payment and satisfaction of the original. The legal aspect of the case is not altered by the fact, as seems to appear from this record, that plaintiff at the trial of this case saw fit to deliver to Clark Gregory the note for $300 which plaintiff received over two years before in part payment of the original $500 note.

Because of its peculiar applicability to the instant case, we quote the following from a former decision of this court:

"The effect of taking a second note upon the vitality of the first is sometimes determinable by the law, and sometimes by the contract under which it was given and received. In the present case the correspondence of the parties, which went to make up the contract, shows that the second note was given and received in discharge of the first. Walker sent forward that note to be retained only upon condition of a surrender of the first. Sage was bound to return one or the other. By retaining both, he left it with the defendants to say that he had taken the new note

upon the conditions Walker required, and the first note must be considered as surrendered up." *Sage* v. *Walker,* 12 Mich. 425.

See, also, *Ellis* v. *Ballou,* 129 Mich. 303.

"A bill or note should be regarded as payment whenever it appears such was the intention of the parties, and 'that such was the understanding of the parties may be proved by circumstances, such as the acts and conduct of the parties, as well as by direct proof of an express promise or agreement.' 2 Parsons on Contracts, 624; *Hotchin* v. *Secor,* 8 Mich. 494; *Sage* v. *Walker,* 12 Mich. 425; *Brown* v. *Dunckel,* 46 Mich. 29." *Riverside Iron Works* v. *Hall,* 64 Mich. 165, 168.

The case is remanded that the judgment entered in the circuit court may be vacated and judgment of no cause for action entered in accordance herewith. Defendants will have costs of both courts.

POTTER, C. J., and TOY, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.