**TAYLOR v. TULSA TRIBUNE CO.**

No. 2644.

Circuit Court of Appeals, Tenth Circuit.

June 28, 1943.

Rehearing Denied Aug. 2, 1943.

Sam S. Canterbury, of Tulsa, Okl., and Alpha N. Brown, of Kansas City, Mo., for appellant.

Samuel A. Boorstin, of Tulsa, Okl. (Felix A. Bodovitz, of Tulsa, Okl., on the brief), for appellee.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Thomas D. Taylor and Tulsa Tribune Company entered into a written contract which provided that Taylor should render to the company skilled services in the nature of counsel and advice in respect to the operation, management, and publication of its daily newspaper in Tulsa, Oklahoma; that he should devote an average of one week, four times a year, preferably once every three months, to personal conferences with executives and employees of the company; that for such services the company should pay him $200 per week, commencing February 1, 1933; that for the first seventeen weeks, notes should at the option of the company be accepted in lieu of checks for the weekly payments; that, in addition, Taylor should receive monthly a further sum equal to ten per cent of the increase in gross earnings from publication of all display advertising in the paper above that received during the corresponding month of the year ending January 31, 1933; and that the company should make periodical reports showing the amount of such increase in earnings. Taylor entered upon the discharge of his duties under the contract; and on February 7, a note for $100 due one year after date, on February 14, a like note, and on February 16, a check for $200 were severally given to him. These were for the weeks commencing February 1, and February 8, respectively. No further payments were made; though willing to do so, Taylor did not render any services after March 20; and no reports were made showing the increase in revenue from publication of display advertising.

This action, instituted in November, 1938, was in two counts. The first was to recover for the weekly sums, alleged to aggregate $60,600; and the second was to recover an amount equal to ten per cent of the increase in earnings. In respect of the latter, an accounting was sought to determine the amount due. The trial court concluded that the causes of action accrued on or before May 31, 1933, sustained a plea of limitations, and dismissed the action. Taylor appealed but died while the cause was pending here, and the executrix of his estate was substituted as appellant.

The failure and refusal of the company after only two weeks to pay the weekly amounts, the statements made in a conference between the respective representatives of the parties, the statements made in certain letters written to Taylor, and the announced intention not to have representatives of the company attend a conference for which the contract provided, all occurring prior to May 31, 1933, considered together, amounted to a declaration that the services of Taylor would not longer be accepted and the compensation paid as provided in the agreement. True, the company suggested and even urged that an agreement be reached in respect of the amount which Taylor would accept in full settlement. But at the same time the acts and statements of the company could not reasonably be understood otherwise than plainly indicating its purpose not longer to accept and pay for the services in accord-

ance with the agreement, and they therefore constituted a repudiation of the contract.

Ordinarily, an employer has the power to discharge an employee, even though the discharge constitutes a breach of the contract; but in doing so he subjects himself to all the consequences arising out of the violation of his contract. 35 Am. Jur. 462. And any acts or words which show a clear intention on the part of the employer to dispense with the services of the employee, and which are equivalent to a declaration that the services will no longer be required or accepted, are sufficient to effect a discharge. Percival v. National Drama Corporation, 181 Cal. 631, 185 P. 972; Bodmer v. Police Mut. Aid Ass'n, 94 Utah 450, 78 P.2d 640; Dunbar v. Orleans Metal Bed Co., 145 La. 779, 82 So. 889; Helfer v. Corona Products, 8 Cir., 127 F.2d 612.

It is the law in Oklahoma that an employee wrongfully discharged in violation of the contract of employment has no right of action for services, except the services rendered prior to the discharge. In respect of any other claim, his sole remedy is to sue for the injury suffered as the result of the breach of the contract; and the measure of his recovery in such an action is prima facie the amount stipulated to be paid for the services, subject to reduction in such sum as he received or with reasonable diligence could have earned from other remunerative employment after the discharge, and the burden rests on the employer to show the amount received or which might have been received with reasonable diligence. Ditzler Dry Goods Co. v. Sanders, 44 Okl. 678, 146 P. 17; Sharpless Separator Co. v. Gray, 62 Okl. 73, 161 P. 1074.

On the breach of the contract, the remedy in respect of the unpaid weekly amounts which had accrued was an action to recover for them as salary or compensation under the contract. But in respect of the weekly payments for the balance of the period and in respect of the increase in earnings for publication of display advertising, the sole remedy was an action for damages for the injury suffered as the result of the breach of the contract. Ditzler Dry Goods Co. v. Sanders, supra; Sharpless Separator Co. v. Gray, supra.

Section 95, Title 12, Oklahoma Statutes 1941, provides that an action upon a contract, agreement, or promise in writing shall be instituted within five years after the cause of action accrued. And the statute begins to run when one party to a contract may rightfully maintain an action thereon to a successful conclusion. United States Fidelity & Guaranty Co. v. Fidelity Trust Co., 49 Okl. 398, 153 P. 195; Patterson v. Bonner, 73 Okl. 224, 175 P. 826; Broadwell v. Board of Com'rs of Bryan County, 88 Okl. 147, 211 P. 1040; National Bank of Claremore v. Jefferies, 126 Okl. 283, 259 P. 260; Cornelius v. Standard Royalties Co., 131 Okl. 112, 267 P. 838; Miller v. National Surety Co., 159 Okl. 76, 14 P.2d 228; Wolfe v. North, 182 Okl. 520, 78 P.2d 674; Muir v. Shick, 188 Okl. 331, 108 P.2d 544.

The cause of action for the weekly salary or compensation due prior to the breach of the contract accrued from week to week as the amounts became due. The cause of action for damages for the injury suffered as the result of the breach accrued at the time of the breach—on or before May 31, 1933. Muir v. Shick, supra. And an action could have been instituted upon it immediately. Ditzler Dry Goods Co. v. Sanders, supra; Smith v. Long, 183 Okl. 441, 83 P.2d 167. The action having been instituted more than five years after the causes of action pleaded in the complaint accrued, the statute of limitations raised its bar to recovery.

But it is contended that payment of the notes in 1934 was payment under the contract, and that the period should be computed from that time. Section 101, Title 12, Oklahoma Statutes 1941, provides in effect that where part of the principal or interest due on a contract shall have been paid, an action on the contract may be brought within the period prescribed for such an action, computed from the date of the payment. Unless the parties understand or intend otherwise, the taking of a note for a pre-existing debt does not constitute payment or satisfaction of such debt. Ohio Cultivator Co. v. Dunkin, 67 Okl. 58, 168 P. 1002; William M. Graham Oil & Gas Co. v. Oil Well Supply Co., 128 Okl. 201, 264 P. 591. But the giving of a note with the intention or understanding that it is in payment extinguishes the original debt. Lomax v. Colorado Nat. Bank, 46 Colo. 229, 104 P. 85; Kress v. Tooker-Jordan Corporation, 103 Cal.App. 275, 284 P. 685; Chase v. Gregory, 274 Mich. 32, 263 N. W. 789; Farmers & Merchants Bank of

984

Charing v. Rogers, 55 Ga.App. 38, 189 S.E. 274; Toulmin & Toulmin v. Underwood, 172 Ark. 813, 290 S.W. 377. And such an intention or understanding may be established by direct proof or it may be inferred from the acts and conduct of the parties. Kress v. Tooker-Jordan Corporation, supra; Chase v. Gregory, supra. The facts and circumstances presented here clearly warrant the conclusion that it was the intention and understanding of the parties that the notes should constitute satisfaction of the pre-existing debt for which they were given; and therefore the subsequent payment of the notes did not constitute payment under the contract within the meaning of section 101, supra.

The judgment is affirmed.