**SELID v. KAYE et al.**

No. 5499.

District Court, Alaska. Fourth Division. Fairbanks.

July 3, 1947.

Bailey E. Bell, of Fairbanks, for plaintiff.
Julien A. Hurley, of Fairbanks, for defendants.

PRATT, District Judge.

The plaintiff performed certain work and furnished certain materials in the construction and remodeling of a building for the defendants. Upon the 3rd day of December, 1945, it was agreed between the parties that the defendants owed the plaintiff for said work and materials the sum of $2,800, over and above all payments. The defendants forthwith executed their promissory note in favor of the plaintiff in the sum of $2800, due on or before March 1, 1946, with interest at eight percent per annum, payable quarterly.

Said note was, upon the 3rd of December, 1945, duly delivered to the plaintiff, and upon the 5th day of December, 1945, the plaintiff and defendants, having made prior arrangements at the Bank of Fairbanks in the Town of Fairbanks, Alaska, that said bank would pay for said note, the plaintiff went to said bank, endorsed and delivered the note to the bank and the bank thereupon paid him the face value thereof and took the note.

Upon the 26th day of December, 1945, plaintiff filed a notice of contractor's lien in the Recording Office at Fairbanks, claiming a lien upon defendants' property to secure the sum of $2800 with interest at eight percent per annum.

Upon the 14th of June, 1946, plaintiff filed his complaint in this action to foreclose his above-mentioned lien, and for judgment in his favor against defendants for $2800 with interest at eight percent per annum from December 3, 1945, and for an attorney's fee and costs in connection with preparing and filing said lien claim.

The undisputed evidence at the trial was that the plaintiff had agreed to accept said note in full payment of all

sums owing to him from defendants, and that they had made and delivered the note to him pursuant to said agreement, they and the plaintiff having prior thereto ascertained that the Bank of Fairbanks would take the note and give the plaintiff the money therefor immediately upon its execution.

The further evidence showed that sometime between the 1st and 25th days of July, 1946, defendants paid said note in full and received the same back from the bank. They produced the note at the trial, and it was introduced in evidence.

In his reply the plaintiff admitted the payment of the note, but maintained he was entitled to recover $150 for attorney's fees and the cost of preparing and recording the lien.

■ In Taylor v. Tulsa Tribune Co., 10 Cir., 1943, 136 F.2d. 981, at page 983 the Court states: "But the giving of a note with the intention or understanding that it is in payment extinguishes the original debt."

To the same effect are the following authorities: Starling v. Hamner, 185 Ark. 930, 50 S.W.2d 612; 37 Corpus Juris 339, Note 5; 48 Corpus Juris 614, Note 61.

■ It is further stated in 37 Corpus Juris 339, citing authorities under Note 6: "If, however, the lien creditor negotiates and transfers the debtor's bill or note he thereby destroys his lien, upon the theory that the creditor, by transferring the bill or note, receives payment in full of his claim."

■ Consequently, it appears clear that by virtue of the agreement between the parties and by virtue of the transfer of the note to the bank on the 5th day of December, 1945, and by virtue of the subsequent payment of the note, the plaintiff had no right of lien at the time he filed his lien claim, and had no cause of action against the defendants when he filed his complaint in this action.

Plaintiff is therefore not entitled to recover anything herein.