885 F.2d 871
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert T. O'BRIEN, Appellant,
v.
FRITO-LAY, INC., Appellee.
 No. 88-2125.
 United States Court of Appeals, Sixth Circuit.
 Sept. 26, 1989.
 
 1
 Before MERRITT and BOGGS, Circuit Judges, and WALINSKI, Senior District Judge.*
 
 
 2
 Walinski, Senior District Judge.
 
 
 3
 Appellant, Robert T. O'Brien appeals from the District Court order granting summary judgment for appellee, Frito-Lay, Inc., in a diversity action brought by appellant claiming breach of contract and wrongful termination under the Elliott-Larsen Civil Rights Act, M.C.L.A. Sec. 37.2101. Because we conclude there is no material issue of fact concerning appellant's reinstatement on August 29, 1986, we affirm the District Court's grant of summary judgment for defendant.
 
 
 4
 Appellant, a former Regional Sales Manager for Frito-Lay claims that he was discharged on August 15, 1986, following the discovery of stale products in a number of his accounts. Appellant's supervisor, John Swisher, allegedly told him at that time that he no longer wanted appellant on his management team, ordered appellant to hand over his warehouse keys and to stop conducting Frito-Lay business, and informed appellant that he would tell his salesmen to by-pass him with all mail.
 
 
 5
 On August 29, 1986, appellant was called to a meeting with Swisher and Swisher's supervisor, Division Manager, Fred Lindsay. Lindsay proceeded to inform appellant of his options. In addition to telling him that he could choose either to retire or go back to work, pursuant to a 90-day probation period under guidelines set up by Swisher, Lindsay told appellant that he could fire him but chose not to. At this point, appellant claims that Lindsay refused to reveal any probationary conditions unless he chose probation immediately at the August 29th meeting.
 
 
 6
 Mr. O'Brien eventually chose early retirement. He claims the 90-day probation period was unacceptable for a variety of reasons: 1) he believed Swisher was "out to get him" and as a result would make it impossible for him to meet any probationary guidelines; 2) the status of a probationary employee was different from his previous status inasmuch as job security would be reduced significantly; and 3) the terms of the probation were never defined. Thus, Mr. O'Brien alleges that such conditions were intolerable and constituted constructive discharge.
 
 
 7
 The issues in the present case are twofold. First, whether appellant was discharged, constructively or otherwise, on August 15, 1986 or thereafter. Second, whether any discharge that may have occurred was refuted at the August 29, 1986 meeting.
 
 
 8
 The District Court held that no reasonable juror could conclude O'Brien was fired, but only that he was suspended in accordance with company policy for deficient job performance. The Court further held that Swisher's actions on August 15, as well as August 29, did not constitute discharge and that if plaintiff had any doubt, all he had to do was ask for clarification.
 
 
 9
 This Court disagrees in part with the District Court's findings. The Court's function in ruling on a motion for summary judgment is to determine if any genuine issue exists for trial, not to resolve any factual issues, and it should deny summary judgment if material facts are in dispute. United States v. Articles of Device, 527 F.2d 1008, 1011 (6th Cir.1976). In the present case, appellant argues that Swisher's actions led him reasonably to believe he was fired on August 15. The District Court noted that Swisher only took the warehouse keys because he had none, although, O'Brien states that he took them because he was being terminated. Further, the District Court stated that if O'Brien had any doubt as to his employment, all he had to do was ask for clarification. However, appellant testified that he unambiguously believed he was discharged on August 15; therefore, he had no reason to ask for clarification. In addition, a reasonable person could conclude that Swisher's other acts on August 15 were clearly hostile and adverse to a belief of continued employment.
 
 
 10
 [And] any acts or words which show a clear intention on the part of the employer to dispense with the services of the employee, which are equivalent to a declaration that the services will no longer be required or accepted, are sufficient to effect a discharge.
 
 
 11
 Taylor v. Tulsa Tribune Co., 136 F.2d 981, 983 (10th Cir.1943). It was not proper on motion for summary judgment for the District Court to give more weight to the testimony of Swisher and less to the testimony of O'Brien. Thus, we believe that there was a genuine issue of fact as to whether a reasonable person would have believed he was fired on August 15th. In turn the issue was a proper one for a jury.
 
 
 12
 However, we do not find that issue dispositive. Even if the Court erred on this aspect of the case, the supervisor's actions on August 29, clearly repudiated any cancellation of appellant's contract before he materially changed his position. When a party repudiates a contract, "it is always possible for the repudiating party to revoke his repudiation and to perform his promise." Jackson v. American Can Co., 485 F.Supp. 370, 375 (W.D.Mich.1980). On August 29, Mr. Lindsay directly told O'Brien that he was not fired, and proceeded to list his options. Thus, summary judgment is still appropriate.
 
 
 13
 Last, we agree that, as a matter of law, appellant did not constructively discharge O'Brien on August 29. In order to make a prima facie case of constructive discharge, a party must establish that he was compelled to quit as a result of intolerable working conditions. Brown v. Eckerd Drugs, Inc., 663 F.2d 1268 (4th Cir.1981); Johnson v. Bunny Bread Co., 646 F.2d 1250, 1256 (8th Cir.1981).
 
 
 14
 The District Court held that there were no facts which show plaintiff's proposed probationary period would have been intolerable. Specifically, there is no evidence, aside from pure allegation, that the probation was a demotion. Mr. O'Brien would have been acting in his previous employment capacity during the 90 days. Standing alone, the fact that Swisher had discretion to establish the probationary guidelines does not constitute intolerable conditions, even in light of appellant's contention that Swisher was "out to get him". The offered probation came as a result of appellant's poor working performance. Under those circumstances, plaintiff's probation did not constitute intolerable conditions.
 
 
 15
 For the foregoing reasons, the District Court's order granting summary judgment to appellee is AFFIRMED.
 
 
 
 *
 The Honorable Nicholas J. Walinski, U.S. Senior District Judge for the Northern District of Ohio, sitting by designation