## PATTERSON v. BONNER.

No. 9339—Opinion Filed Oct. 22, 1918.

(175 Pac. 826.)

1. **Limitation of Actions—Establishment of Partnership Agreement—"Contract Not in Writing."**

In an action to recover a proportionate

share of the losses of a partnership enterprise, the partnership agreement being alleged to have been oral, and not in writing, and the existence of the partnership being denied, the primary object of the action is to establish the partnership agreement, and the action is based upon "a contract not in writing," and the limitation prescribed in subdivision 2 of section 4657, Rev. Laws 1910, applies, and an action based thereon cannot be maintained after the lapse of three years from the date the cause of action accrued.

### 2. Limitation of Actions—Accrual of Cause of Action on Contract.

Whenever one party to a contract may rightfully sue another thereon, a cause of action has accrued, and the statute of limitations begins to run.

(Syllabus by Galbraith, C.)

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by L. E. Patterson against W. M. Bonner. Judgment for defendant and plaintiff brings error. Affirmed.

Everest, Vaught & Brewer, for plaintiff in error.

Ledbetter, Stuart & Bell and Wilson, Tomerlin & Buckholts, for defendant in error.

Opinion by GALBRAITH, C. The plaintiff in error, who was plaintiff in the trial court, on the 22nd day of June, 1915, commenced this action against the defendant in error as defendant, to recover the sum of $4,139.94 and interest at 6 per cent. from the 8th day of July, 1912, as his proportionate share of the losses of a partnership enterprise alleged to have been entered into by the plaintiff and the defendant and another. It was charged in the petition that on or about the 1st day of July, 1909, the plaintiff and the defendant and another made and entered into an oral contract of partnership, the terms and conditions of which were in substance:

"That the plaintiff and the said W. M. Bonner and said ——————— were to unite and form a partnership for the purchase of certain lands near Oklahoma City, said lands to be suitable for the purpose of the partnership, which was to obtain lands as a prospective location for the Capitol of the state of Oklahoma"

—and further alleged that under the terms of said partnership agreement the plaintiff was to purchase the lands in his own name, or to take options thereon for the benefit of the partnership, and was to advance the money necessary for said partnership, and. that the profits and losses of the enterprise were to be shared equally by said partners; that in pursuance of said contract the plaintiff purchased two tracts of land, which had been examined and approved by all the partners, and made the necessary cash payments out of his own funds, and executed notes and mortgages to secure the deferred payments in his own name; that on the 8th day of July, 1912, said partnership was dissolved and an accounting had between the plaintiff and the third member of the partnership, the defendant having been invited to participate in the accounting but refused to do so; that it was ascertained, after the accounting was had, that the losses sustained by the enterprise amounted to $12,419.82; that thereupon the third member of the partnership paid to the plaintiff his one-third of the amount of said losses; that the plaintiff and the third member entered into an agreement of dissolution of the partnership in writing, a copy of which is attached to the petition and marked "Exhibit B"; that a true and correct statement of the account of the partnership made between the plaintiff and the third member thereof is attached to the petition as "Exhibit A"; that the said enterprise resulted in a loss in the sum above set out; that the plaintiff had often demanded an accounting and statement with the defendant, which he persistently refused to make. The prayer was for judgment in the sum of one-third of the amount of the losses of said enterprise, with interest from July 8, 1912, at 6 per cent. per annum.

On October 4, 1915, the defendant answered by way of a general denial, and a specific denial of the allegations of partnership and a special plea of the statute of limitation. On April 26, 1917, the defendant was granted leave to withdraw the answer and file a motion to strike Exhibit B, being the contract of dissolution of partnership entered into by the plaintiff and the third member of the partnership on July 8, 1912. This motion was by the court sustained. The defendant, by leave of court, filed an amendment to his answer, wherein he set out more definitely his plea of the statute of limitation, wherein it was alleged that prior to the commencement of this action there was pending in the district court of Oklahoma county a civil action, being No. 1172, in which the plaintiff herein was defendant; that on the 22nd day of April, 1912, upon the motion of this plaintiff, the defendant in that action, an order was made making the defendant herein a party defendant in that action; that on the 7th day of May, 1912, this plaintiff filed an answer and cross-petition, wherein this defendant, was sued on the identical cause of action set out in the plaintiff's petition in the present action; that this plaintiff subse-

quently filed in that action his first and second amended answer and cross-petition, and caused the same to be served on this defendant, setting out copies of these pleadings; that thereafter, on the 24th day of December, 1913, this plaintiff caused an order to be entered in that action, dismissing the cross-petition therein without prejudice, for a separate suit: that the cause of action herein relied upon is the identical cause of action set out in the answer and cross-petition filed in the prior suit, and the same arose and was asserted by the plaintiff more than three years previous to the filing of the petition herein; that said dismissal was at a time more than one year following the filing of the petition herein; that in the prior action this defendant filed an answer to the amended answer and cross-petition of the plaintiff, in which he denied all the allegations contained in the plaintiff's answer and cross-petition as to the existence of the partnership. To this amendment, being paragraph 3 of the answer, the plaintiff filed a general demurrer, which was by the court overruled. Thereupon the plaintiff excepted to the ruling, and elected to stand upon the demurrer, and refused to plead further. Thereupon judgment was entered for the defendant upon the pleadings.

Two errors are assigned here for a reversal of the order of the trial court:

First. Error of the court in striking Exhibit B from the petition, that being the written contract of dissolution of the partnership. It is argued that this exhibit was an essential part of the petition, in order to show why this third member of the partnership was not made a party to the present action. This contention cannot be sustained, first, because the petition, after this exhibit had been stricken, still contained the allegation of the dissolution and accounting alleged to have taken place between the plaintiff and the third member of the alleged partnership, and that would be a sufficient reason why he had not been made a party to this action; again, this written contract between the plaintiff and the third member was entered into in the absence of the defendant and he was not a party thereto, and could not be bound thereby. It therefore appears that the motion to strike was rightly sustained.

Second. It is argued that the five-year statute of limitation, and not the three-year statute, applies in this case, and therefore the action was not barred on the 22nd day of June, 1915, when the instant action was instituted. The following excerpt from the brief of the plaintiff in error shows his position upon this point, as follows:

"The second proposition is the serious one in the case. If this is a suit on an account only, then it will be freely confessed that the three-year statute was set in motion at the time of the filing of the answer and cross-petition in the original case, and that more than three years elapsed before this action was brought. It is our contention that this is a suit to establish the partnership, to declare it dissolved, and to recover the moneys due Patterson, and therefore that it is governed by the sixth subdivision of section 4657, found at page 4685 of the 1910 Statutes, and which reads as follows: 'An action for relief not heretofore provided for can only be brought within five years after the cause of action should have accrued.' If this was a suit on account alone, it would be an action at law. The primary matter in dispute here is not the amount due from Bonner to Patterson on the account, but whether there is any account at all; that is, whether any partnership ever existed between Patterson, Ledbetter and Bonner."

We agree with the counsel that this is the crucial point in the case, "whether any partnership ever existed;" that is, whether or not an oral contract of partnership, as alleged in the petition, was in fact entered into. That being true, the primary object of the action was to establish the existence of such oral contract of partnership, thereby clearly bringing the action within the terms of subdivision 2 of section 4657, Rev. Laws 1910, which provides:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards: First. * * * Second. Within three years: An action upon a contract express or implied, not in writing; an action upon a liability created by statute, other than a forfeiture or penalty."

This being an action upon a "contract expressed" and "not in writing," the three-year statute would govern, and an action could not be maintained thereon after three years had expired from the time when the cause of action accrued. This cause of action against the defendant in the instant case accrued when the plaintiff in the prior action, No. 11742, filed his answer and cross-petition against the defendant, praying for judgment on the cause of action herein set out.

In United States Fidelity & G. Co. v. Fidelity Trust Co., 49 Okla. 398, at page 408, 153 Pac. 195, at page 198, the court said:

"Whenever one person may sue another, a cause of action has accrued, and the statute begins to run. In the law of contracts, the statute of limitations begins to run against

a party to the contract, himself not in default. when the contract is broken by the other party, but not before that time."

This action not having been commenced within a year after the order of dismissal in the prior case in December, 1913, as might have been done under section 4662, Rev. Laws 1910, and more than three years having elapsed from the commencement of the running of the statute, the action was barred by limitation, and the demurrer to the answer was properly overruled.

It therefore appears that the judgment appealed from should be affirmed.

By the Court: It is so ordered.