## NATIONAL BANK OF COMMERCE v. SHEPARD.

No. 16270—Opinion Filed Feb. 2, 1926.

1. **Banks and Banking—Liability on Time Certificate of Deposit—Negligence of Bank in Collecting on Depositor's Check Upon Another Bank About to Fail.**

In an action to recover upon a time certificate of deposit against a bank, the bank is not discharged from liability and it fails to exercise reasonable diligence where it surrenders to the drawee bank, located in the same city, a check delivered to it for said certificate of deposit and accepts in lieu of cash on deposit in the drawee bank to the credit of the drawer a substituted draft issued by the drawee bank and drawn on a foreign bank, which substituted draft is not paid on account of the insolvency of the drawee bank occurring after the issuance of its draft.

2. **Appeal and Error—Trial—Effect of General Finding.**

Where a jury is waived and a cause is tried to the court, and the finding of the court is general, such finding is a finding of every special thing necessary to be found to sustain the general finding, and such finding, when reasonably supported by the evidence in the case, is conclusive upon the Supreme Court upon all doubtful and uncertain questions of fact so found.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Tillman County; Frank Mathews, Judge.

Action by J. M. Shepard against the National Bank of Commerce of Frederick, Okla.,

to recover on a certificate of deposit. Judgment for plaintiff, and defendant appeals. Affirmed.

Wilson & Roe, for plaintiff in error.

P. Mounts, W. H. Hussey, and J. T. Johnson, for defendant in error.

Opinion by FOSTER, C. An action was commenced in the district court of Tillman county by J. M. Shepard, defendant in error, plaintiff below, against the National Bank of Commerce of Frederick, Okla., a corporation, plaintiff in error, defendant below, to recover the sum of $1,000 upon a time certificate of deposit issued and delivered by the plaintiff in error to the defendant in error on the 3rd day of August, 1923, due and payable six months thereafter, and bearing interest from date at the rate of 5 per cent. per annum. Parties will be hereinafter referred to as they appeared in the trial court.

The action arose under the following circumstances: The plaintiff had on deposit in the Oklahoma State Bank of Frederick, Okla., on August 3, 1923, the sum of approximately $1,500. On that date he visited defendant's bank, which was located immediately across the street from the Oklahoma State Bank, and arranged with the president of the bank for a time deposit of $1,000, due and payable six months thereafter, and bearing interest at the rate of 5 per cent. per annum from date. The plaintiff drew his check for $1,000 on the Oklahoma State Bank, signed and delivered it to the defendant. The defendant thereupon executed and delivered to the plaintiff its time certificate of deposit as above described. In the forenoon of the same day, August 3, 1923, plaintiff's check was presented to the Oklahoma State Bank, surrendered, and paid by the Oklahoma State Bank issuing to the defendant its draft on the Peoples Bank & Trust Company of Kansas City, which substituted draft the defendant bank accepted. The substituted draft which the defendant accepted was for the sum of $7,684.86, in which plaintiff's check was included, and represented the amount which the Oklahoma State Bank owed the defendant, after deducting the amount of the checks held by the Oklahoma State Bank and drawn on the defendant. The draft was on the same day forwarded to the defendant's correspondent in Kansas City, and reached there about 7:45 p. m. on the 4th instant. The Oklahoma State Bank opened its doors for business on Saturday, August 4, 1923, but after the closing of the business on that day did not thereafter open

for business, and the bank was taken over by the Banking Department of Oklahoma. Early on Monday morning, August 6th, the defendant, hearing that the Oklahoma State Bank had closed its doors, wired its correspondent in Kansas City to hurry the presentation of the draft to the Peoples Bank & Trust Company of Kansas City, but when defendant's correspondent presented said draft for payment, the payment was by the Peoples Bank & Trust Company refused by reason of notice that the Oklahoma State Bank had closed its doors. Subsequently, the plaintiff received from the failed Oklahoma State Bank the canceled check drawn by him in favor of the defendant, and a statement showing that it had been paid, and charging his account with the sum of $1,000. Upon the maturity of the certificate of deposit the plaintiff demanded from the defendant bank payment thereof, which was refused, whereupon plaintiff instituted his action to recover as above stated.

Defendant in its answer admitted the execution of the certificate of deposit as set forth in plaintiff's petition, but denied any liability thereon, for the reason that the same was without consideration and void, and prayed that the same be delivered up and canceled. Further answering, it alleged that there existed a general custom of long standing among the banks of Frederick in clearing checks drawn on other banks in that town, and that it handled plaintiff's check according to this custom, and was therefore without negligence. A jury was waived and the cause tried to the court. At the conclusion of the evidence the court entered a judgment in favor of the plaintiff, and the defendant brings the cause regularly on appeal to this court for review, claiming that the judgment of the trial court is not supported by the evidence and is contrary to law.

The record in this case conclusively establishes that the primary object to be accomplished by the plaintiff and the defendant in the transaction of August 3, 1923, was the loan of $1,000 by the plaintiff to the defendant, to be evidenced by a time certificate of deposit bearing interest from date due and payable six months thereafter. In this connection plaintiff testified that the defendant was anxious to borrow this money on time deposit and pay a rate of interest in excess of that usually paid by it in such transactions: that the defendant acting through its president filled out plaintiff's check in his own handwriting, which was then signed by the plaintiff and delivered. The certificate of deposit was dated and executed at the same time, and delivered immediately to the plaintiff. It is further disclosed that the drawee bank was located just across the street from the defendant bank, and the conduct of the parties, in the light of the circumstances surrounding them at the time, certainly justified the trial court in finding and concluding that the $1,000 check was treated as a cash item if defendant had sufficient funds in the Oklahoma State Bank with which to pay the check on presentation, which occurred shortly thereafter. There is nothing to be found in these circumstances to put the plaintiff on notice that the transaction was within the scope and operation of a custom followed by banks generally, in collecting checks drawn and deposited with them for collection upon foreign banks, or within the scope and operation of a custom employed by banks, as a matter of convenience among themselves, in relation to remittance of balances due from one bank to another on clearing house transactions. Considerable evidence was introduced by the defendant tending to establish a general custom of long standing among the banks of Frederick, and among banks generally, in clearing checks drawn on other banks, and decisions of several courts are cited in support of the rule that if a bank in making a collection has followed the course usually taken by banks under similar circumstances, and if such usage was reasonable and did not contravene any principle of law, the fact that the bank followed such usage or custom would tend to show that it exercised reasonable diligence in making the collection. There is a conflict in the authorities, however, on this proposition, some courts holding that such custom is unreasonable and invalid, and cannot be relied upon by the collecting bank as a defense. It is sufficient to say, however, that the rule contended for cannot be made applicable here. The plaintiff was not depositing for collection a check drawn in his favor upon a foreign bank. In a situation of that kind the plaintiff undoubtedly would be bound by such usages and customs as generally obtained in relation to the delay in transmitting the check to the drawee and the method of making remittances through corresponding banks. In a sense the defendant was making the collection for itself. It was the part of reasonable prudence that it take no unnecessary risks. It had already executed and delivered to the plaintiff its certificate of deposit upon which interest was accumulating in favor of the plaintiff. In the transaction whereby it accepted the draft of the Oklahoma State Bank in payment of plaintiff's check, the plaintiff cannot be regarded

as a party merely because the defendant owed him a sum of money upon its certificate of deposit which had been executed and delivered to him. In these circumstances we fail to see the applicability of the rule of law contended for. The bank on which plaintiff's check was drawn was located just across the street from the defendant bank, and it is admitted the plaintiff had ample funds in the drawee bank at the time the check was presented. The substituted draft was not paid on account of the insolvency of the drawee bank occurring after the issuance of the substituted check, and the defendant should sustain the resulting loss. The general judgment of the trial court in favor of the plaintiff involved a finding that the check drawn and delivered by the plaintiff to the defendant on August 3, 1923, was accepted by the defendant as a cash item, and that the subsequent conduct of the defendant in accepting a substituted draft in payment of said check was a transaction to which the plaintiff was not a party.

We have examined the record in this case, and there is evidence reasonably tending to support such finding. The general judgment of the trial court involves a finding of every special thing necessary to be found to sustain the general judgment, and if reasonably supported by the evidence will not be disturbed by the Supreme Court on appeal. Shenner v. Adams, 46 Okla. 368, 148 Pac. 1023; Sinclair Refining Co. v. Keith, 97 Okla. 55, 221 Pac. 1003.

After a careful examination of the entire record, we are convinced that the trial court committed no error, and its decision and judgment is therefore affirmed.

By the Court: It is so ordered.

Note.—See under (1) 7 C. J. p. 666 §368 (Anno); 3 R. C. L. p. 616; 1 R. C. L. Supp. p. 864; 4 R. C. L. Supp. p. 208; 5 R. C. L. Supp. p. 189. (2) 4 C. J. p. 876 §2853; 38 Cyc. p. 1977; 2 R. C. L. p. 202; 1 R. C. L. Supp. 441; 4 R. C. L. Supp. p. 91; 5 R. C. L. Supp. p. 81.