## NEWMAN v. ROACH.

No. 18042.  Opinion Filed Sept. 24, 1929.

Rehearing Denied Dec. 3, 1929.

West, Gibson, Sherman, Davidson & Hull, for plaintiff in error.

R. E. Simpson and Hummer & Foster, for defendant in error.

CLARK, J.  This case presents error from the superior court of Okmulgee county, state of Oklahoma, wherein the plaintiff in error was defendant below and defendants in error were plaintiffs.  For convenience, the parties will be referred to as they appeared in the trial court.

Plaintiffs alleged in the court below that they were heirs at law of C. F. Roach, who died April 6, 1920; that about January 10, 1916, the defendant, for a valuable consideration, executed and delivered to C. F. Roach an assignment and agreement whereby defendant assigned to said C. F. Roach an undivided 1-32 interest in certain oil and gas leases, and agreed to drill three wells thereon to a depth of 2,500 feet.  The assignment and agreement contained the proviso as follows:

"Said William C. Newman agrees to drill three wells at three widely separate points on said leases free from expense to the said C. F. Roach; said wells to be drilled to the depth of 2,500 feet or to oil or gas in paying quantities at a less depth.  There shall be no expenses chargeable against said C. F. Roach for the drilling and equipping of said three wells up to the tanks for the same, if productive.  If dry holes, the equipment shall remain the property of William C. Newman.  Thereafter the expense of drilling and operating said leases shall be borne by the said William C. Newman and the said C. F. Roach in the proportions in which they have interests in said leases.  It is further agreed that if said wells are drilled to depths greater than 2,500 feet, there shall be no charges against C. F. Roach."

Plaintiffs further alleged that defendant, pursuant to the terms of said assignment, drilled one well to the required depth, but failed and refused to drill the other two wells as provided by said agreement.  Said contract did not provide the time at which said wells should be drilled, but that on or about the 23rd day of September, 1920, the defendant disposed of his entire interest in said leases and rendered it impossible to comply with said agreement.  By reason of his failure to drill said two wells plaintiffs have been damaged in the sum of $40,000.

The petition was filed on or about December 9, 1922.  The defendant, in answering, admitted that he executed the contract and delivered the same to C. F. Roach, and that he drilled one well pursuant to said agreement.  For further defense he alleged that at the time of making said assignment to Roach it was then orally agreed between him and Roach that the three wells which defendant undertook to drill should be the same three wells which defendant, under a certain contract made and entered into by and between him and the Edgar Oil Company, on or about the 6th day of December, 1915, had undertaken to drill as consideration for an assignment to be made to him by the said Edgar Oil Company, upon the completion of the said three wells, of certain oil and gas leases which constituted a part of the leases described in the assignment referred to in the plaintiffs' petition.  A copy of said assignment was attached to defendant's answer.

Defendant further alleged that thereafter,

after completing the first of said wells, it was mutually agreed between Roach and the defendant that defendant should surrender such rights as he had under the contract with the Edgar Oil Company, and be released from any further liability or obligation to drill the remaining wells, either under the contract with the Edgar Oil Company or under the terms of the assignment to Roach; that said agreement was made orally between Roach and the defendant; that thereafter defendant agreed with the Edgar Oil Company to surrender his rights under the contract with said company, and in consideration thereof the defendant was released from any obligation to drill any further wells pursuant to the same.

For further defense defendant pleaded that if any cause of action accrued to Roach or to plaintiffs, personal representatives of Roach, the same accrued more than five years prior to the time of the commencement of this action, and the same was therefore barred by the statute of limitations.

Said cause came on for trial. The court sustained a demurrer to defendant's evidence and instructed the jury to return a verdict for plaintiffs, submitting to the jury only the question of the amount of damages. Judgment was entered for plaintiffs. Defendant appealed to this court. Said cause was reversed and remanded and it is reported in 111 Okla. 269, 239 Pac. 640.

Upon remand the defendant filed an amended answer pleading as additional defense to plaintiffs' petition, estoppel. The case was again tried to a jury, and a verdict was returned by the jury in favor of plaintiffs and against the defendant, and the court entered judgment thereon, from which verdict and judgment of the court, the defendant has brought the cause here for review. The petition in error presents nine assignments of error.

Defendant, plaintiff in error, contends that two defenses pleaded by him in his amended answer, upon which this cause was tried. were established without any conflict in the testimony, and upon either of them it was the duty of the court to rule as a matter of law that plaintiffs were not entitled to recover in this case. One was the defense of estoppel and the other was the statute of limitations.

It is the contention of the defendant, plaintiff in error, that Roach made a verbal agreement with him whereby he released the defendant from his contract to drill the two remaining wells, and the defendant, relying upon this agreement, released valuable leases and valuable rights were surrendered by defendant, and that plaintiffs, as representatives of C. F. Roach, are hereby estopped from maintaining this action.

This state of facts was presented to the court and jury by the testimony of the defendant, and there being no testimony to contradict said testimony, the defendant contends as a matter of law that the court should have directed a verdict in his favor. The defense of estoppel being an affirmative defense, the burden was upon the defendant to plead and prove this defense to the satisfaction of the court and jury. This question was presented to the jury under proper instructions. In fact, the court gave a requested instruction of the defendant as to the law on this particular question, and the jury found against the contention of the defendant. We must, therefore, conclude that, under all the facts and circumstances, this was a proper defense to submit to the jury, and the jury having found against the contention of defendant, and the trial court having approved the verdict of the jury, the same should not be disturbed by this court on appeal.

The next contention of plaintiff in error is that the proof disclosed that the statute of limitations had run as a matter of law, and that the court should have directed a verdict in favor of the defendant on this question. The contract sued upon was dated January 10, 1916. No date for the beginning of the drilling of said wells or the completion thereof was contained in the contract. Then, as a matter of law, the defendant would have a reasonable time to comply with said contract, and the statute of limitations would begin to run after a reasonable time had expired. Plaintiffs' cause of action for the breach of said contract would accrue only after a reasonable time had expired for the performance of the same. This question was submitted to the jury under the proper instruction, and the jury found against the contention of the defendant and for the plaintiffs. This being a question of fact, the same should have been presented to the jury, and having been determined by the verdict of the jury against the contention of the defendant, and the verdict being approved by the trial court, the same will not be disturbed by this court on appeal.

There are other assignments of error on the question of admissibility of evidence and instructions of the court. The instructions

212

as a whole fairly state the law of the case, and the ruling of the court on the admissibility of testimony was correct, and no error was committed by the trial court in excluding the offered testimony of the defendant or refusing to give certain requested instructions.

The law of this case was settled in the former appeal of Newman v. Roach, supra, which was reversed for the reason that the trial court refused to submit to the jury the question of the statute of limitations. After the case was remanded, an amended answer pleading estoppel was filed, and the court properly submitted both questions to the jury.

It is a well-established rule in this state that in a law case, where there is any competent evidence reasonably tending to support the verdict of the jury, the same will not be disturbed by this court on appeal.

Judgment of the trial court is affirmed.

MASON, C. J., LESTER, V. C. J., and HUNT, RILEY, HEFNER, CULLISON, and SWINDALL, JJ., concur. ANDREWS, J., absent.