## SMART v. BILLINGS et al.

No. 22389. Sept. 11, 1934.

Fred L. Hoyt, Robert L. Stephens, and W. N. Mounger, for plaintiff in error.

C. L. Billings, A. W. Billings, and James V. Billings, for defendants in error.

ANDREWS, J. This is an appeal by the plaintiff from a judgment of the district court of Oklahoma county in favor of the defendants therein. The action involves the title to certain lots in Oklahoma City.

In her petition the plaintiff alleged that she was the owner of the legal and equitable title to the property and entitled to the immediate possession thereof; that the defendants held possession under a deed from the plaintiff dated December 10, 1919; that she executed that deed when she was only 16 years of age, and that the defendant Billings had mortgaged the property to the defendant Rowlett. She prayed for possession, rents, and profits, cancellation of her deed to the defendant Billings, cancellation of the mortgage to the defendant Rowlett, and a decree quieting title. The defendants answered by general denial and by pleas of estoppel and laches. A jury was waived by both parties. The court made a general finding for the defendants. The plaintiff appealed.

The plaintiff contends that the deed executed by her was void for the reason that she was under the age of 18 at the time of the execution thereof. In the presentation of that contention the plaintiff has assumed that the trial court found that the plaintiff was under the age of 18 at the time of the execution by her of the deed to the defendant Billings. That assumption is based upon statements of the trial judge prior to the rendition of the judgment. No party to the action requested the court to make findings of fact and none were made. The statements made by the trial judge are not a part of the record and will not be considered by this court on appeal. See Forbes v. Becker, 150 Okla. 281, 1 P. (2d) 721; Guss v. Nelson, 14 Okla. 296, 78 P. 170; James v. Coleman, 64 Okla. 99, 166 P. 210; Ruby v. Warrior, 71 Okla. 82, 175 P. 355; and Dixon v. Stoetzel, 136 Okla. 302, 276 P. 730.

The general finding for the defendants was a finding upon every materal issue necessary to support the judgment. See Barnett et al. v. Hentges, 111 Okla. 91, 238 P. 188; National Bank of Commerce v. Shepard, 116 Okla. 113, 243 P. 749, and Crutchfield v. Griffin, 139 Okla. 35, 280 P. 1075.

The age of the plaintiff at the time she executed the deed was an issue in the cause. The trial court determined that issue against the contention of the plaintiff by its general finding. The only question presented to this court on that finding is whether or not the evidence is sufficient to sustain it.

The plaintiff contends that this is a law action, doubtlessly for the purpose of preventing the application of the equitable principles of estoppel and laches shown to be applicable if the action is an equitable one. Under her theory of the case the legal rule applicable is that where a jury is

waived and the cause tried to the court, the judgment of the court must be given the same force and effect as the verdict of a properly instructed jury, and if there is any competent evidence reasonably tending to support the judgment of the trial court, the same will not be disturbed on appeal. Baldwin & Baker v. Saunders-Gibson Co., 148 Okla. 290, 298 P. 600. Applying that rule, we find competent evidence reasonably tending to sustain the general finding of the trial court. The plaintiff testified that she was born on January 25, 1903. If the evidence offered on her behalf is true, she was working for Wilson & Company in a packing plant at Oklahoma City, packing sausage, in 1916, and making from $75 to $80 per month, at a time when she was but 13 years of age; she was supporting her father, who had no property or other means of support, and a younger sister, and she accumulated from her net earnings sufficient money to buy this property and to pay therefor by check in the sum of $350 when she was but 16 years of age. She loaned a neighbor woman $350 shortly after the sale of the property, when she was 16 years of age, and she accepted from the defendant Billings a check for $500 when she deeded the property to him. The fact that she thereafter took a business course, worked in a bank, married a man who became a title examiner for a mortgage loan company, and waited from 1919 to 1930, and until after the development of the Oklahoma City oil field, before commencing this action, doubtlessly was considered by the trial court in rendering the judgment. One of her sisters, who was said to have been four years younger, and upon whose testimony reliance is sought by the plaintiff, admitted that she gave her age as 19 years when application was made for a marriage license for her, but said that she was only 17 at the time. Her only excuse, when the trial court required her to answer, was that she wished to get her marriage license. The same witness contended that the birth certificate of her child contained an erroneous statement as to her age. While the evidence is conflicting as to the appearance of the plaintiff at various times, there is ample evidence that she had the appearance of being more than 18 years of age at the time she executed the deed.

Upon examination of the entire record, we conclude that the judgment of the trial court is sustained by competent evidence. That judgment is affirmed.

RILEY, C. J., CULLISON, V. C. J., and OSBORN and BUSBY, JJ., concur.