## WOLFE v. NORTH.

No. 27703.   April 19, 1938.

C. Dale Wolfe and Hicks Epton, for plaintiff in error.

Wells, Greer & Wells and A. S. Wells, for defendant in error.

HURST, J.   Plaintiff brought this action on April 18, 1935, and alleged that in the early part of 1929 he and defendant entered into a partnership by oral agreement wherein they agreed to purchase and sell certain royalties; that pursuant to such agreement, certain royalties were purchased (which will be designated "other royalties"), defendant advancing plaintiff the sum of $1,000 to be paid on disposition of the royalties or settlement; that they also purchased certain other royalty (which is not included in the previous transactions and which we will hereafter refer to as the "Clark transaction"), and sold same at a profit of $330; that the title to all of the foregoing royalties was carried in defendant's name, and that from the production of oil on the "other royalties" and the settlement of a suit against the Mid-Kansas Oil & Gas Company for failure to develop the "other royalties" certain monies were received by defendant, to half of which plaintiff is entitled. Plaintiff prayed dissolution of the partnership, an accounting and judgment for the amount shown due him by defendant.

After preliminary pleading, defendant answered denying that a partnership existed; alleging that he had credited plaintiff with the amounts due him on the "other royalties", leaving a balance of $47.75 due plaintiff by defendant, which had been tendered but refused by plaintiff; specifically denying that plaintiff had any interest whatsoever in the "Clark transaction," and alleging that plaintiff's right to recover therefor, if any, was barred by the statute of limitations.   In his cross-petition, defendant alleged that he performed certain legal services for plaintiff, for which he had not been paid, and asked judgment therefor for $250.   Plaintiff answered denying the allegations of defendant's cross-petition.

The issues, thus joined, were tried to the court without a jury.   Judgment was rendered for plaintiff for $47.75, with interest from September 28, 1933, on the "other royalties", and for $132.50 (half of the profits realized from the "Clark transaction"), with interest from July 11, 1929.

The court denied defendant any recovery on his cross-petition. Defendant appeals, presenting his twelve assignments of error in three propositions.

■ The first and second contentions are that the court erred in rendering judgment against defendant for $132.50, with interest from July 11, 1929, because (a) there is no evidence or law to authorize such a judgment against defendant; (b) such claim of plaintiff is barred by the statute of limitations and laches; and (c) there is no partnership between plaintiff and defendant. Under the view we take of this case, it becomes unnecessary to discuss either (a) or (c) above, since the claim of plaintiff is clearly barred by the statute of limitations.

The evidence discloses that on the purchases of royalty other than the Clark transaction, title to same was taken in defendant's name as security for the money loaned to plaintiff by him. Plaintiff, however, was entitled to half of such royalties, the deed to which he received from defendant after payment of his debt to defendant. The trial court found the sum of $47.75 due plaintiff by defendant on this account. This sum accrued to plaintiff by virtue of the fact that certain monies were received in royalty payments and from settlement of a lawsuit with the Mid-Kansas Oil & Gas Company for failure to develop, and when applied to plaintiff's debt left a balance due him by defendant in the sum of $47.75. The foregoing transactions were separate and distinct from the Clark transaction and were so treated by the trial court, since it rendered its judgment as to these deals and the Clark deal in separate amounts.

As to the Clark transaction, which property was in an entirely different location from the other properties, the record discloses at most a joint adventure between the parties. The evidence discloses that the parties were engaged in a specific venture for a joint profit, which constituted a joint adventure. Coryell v. Marrs (1937) 180 Okla. 394, 70 P.2d 478, and cases cited therein.

The undisputed evidence is that the royalty involved in the "Clark transaction" was purchased on July 8, 1929, and was sold at a profit of $265 on July 11, 1929, which amount was definite and certain and of which plaintiff had full knowledge. The joint adventure as to this transaction was completed at that time, since its purpose had been consummated. Plaintiff was immediately entitled to one-half of the profits made from the transaction. Whenever one party to a contract may rightfully sue another thereon, a cause of action has accrued and the statute of limitations begins to run. Patterson v. Bonner (1918) 73 Okla. 224, 175 P. 826. In 33 C. J. 867, it is stated that the statute of limitations for recovery of the profits derived from a joint adventure begins to run from the date of its termination. This situation is analogous to one where a partnership business is closed out, and in such case a cause of action to establish the partnership and for an accounting and settlement accrues between the partners when the partnership is terminated, under an implied contract mutually and equally to share the profits and bear the burdens of the partnership, and the three-year statute of limitations is applicable. Brooks v. Campbell (1916 Kan.) 155 P. 41. See, also, Patterson v. Bonner, supra. The instant action not having been instituted until April 18, 1935, it is barred by the statute of limitations, in so far as the Clark transaction is concerned.

Plaintiff's position with reference to the statute of limitations is that, even though the court found no partnership existed, yet the statute would not begin to run until a settlement was had between the parties and until the property to which defendant had title had been deeded to plaintiffs, which had not been done until a few days before this suit was filed. The settlement of the account between plaintiff and defendant as to the "other transactions" has no bearing or relation to the Clark transaction, and cannot, therefore, toll the statute of limitations as to it. The case presents simply a situation where by contract the parties agreed to divide the profits made on one deal (the Clark transaction), and the statute of limitations began to run when plaintiff had the right to sue on that contract, which was July 11, 1929, the date when the joint adventure as to that transaction terminated. We therefore hold that the trial court erred in not rendering judgment for defendant on the Clark transaction. There is no dispute as to the judgment of $47.75 with reference to the "other royalties."

■ Defendant's third proposition is that the court erred in denying him any relief on his cross-petition for attorney's fees and did not give the defendant a fair trial thereon. This contention is based on a statement made by the judge at the conclusion of the case to the effect that he was taking care of the attorney's fees in another case. While these oral observations of the court at the conclusion of the case appear in the case-made, they form no part

of the record proper, since neither party requested findings of fact, and cannot be considered by this court for the purpose of impeaching the finding and judgment of the trial court as shown by the journal entry of judgment wherein the court found that defendant was not entitled to recover from plaintiff on his cross-petition. Ruby v. Warrior (1918) 71 Okla. 82, 175 P. 355; Smart v. Billings (1934) 169 Okla. 26, 35 P.2d 923; Berry Dry Goods Co. v. Jones (1936) 177 Okla. 278, 58 P.2d 529.

Plaintiff's cause of action being in equity, defendant's cross-petition, although in law, does not change the nature of the action. Newbern v. Farris (1931) 149 Okla. 74, 229 P. 192. In such case, the finding and judgment of the trial court will not be disturbed on appeal, unless the same are clearly against the weight of the evidence. Hubbard v. Stotts (1935) 171 Okla. 205, 42 P.2d 489, and cases cited therein. We have examined the evidence presented on the cross-petition and do not find the judgment of the trial court thereon to be clearly against the weight thereof.

The judgment is modified by striking therefrom the sum of $132.50, with interest thereon, the amount found due on the Clark transaction. In all other respects the judgment is affirmed. The costs are equally divided between the parties.

RILEY, PHELPS, CORN, and GIBSON, JJ., concur.