## FARMERS & MERCHANTS NAT. BANK OF HOOKER v. COLE.

No. 28328.    Feb. 7, 1939.

Hughes & Dickson, for plaintiff in error.
Rizley & Dale, for defendant in error.

BAYLESS, C. J. This is an appeal from

the district court of Texas county. Laura Cole brought an action against the Farmers & Merchants National Bank of Hooker, Okla., a corporation, to recover $814 and interest and costs. The basis of her action was an alleged oral agreement between Baker, her agent (who was also assistant cashier of the bank), and the bank, through its cashier, whereby Baker advanced the bank $814 of her money, which he was authorized to invest for her, for the purpose of taking out of the bank a certain note required to be charged out of the assets of the bank; upon the bank's promise, and agreement, to pay 10% interest while it owed the money, and to pay the principal upon demand. There was an allegation of the payment of interest to December, 1932, with one payment of $200 upon the principal.

The plaintiff's evidence established the allegations of her pleading. When she closed her case the bank demurred to her evidence, and when the demurrer was overruled it rested without offering any evidence. Plaintiff thereupon moved for a directed verdict, and this was granted, and judgment rendered accordingly.

The bank set out two questions in its brief, viz.: (1) Whether there was ever a cause of action against the bank; and (2) if there was a cause of action, was it barred by the statute of limitations?

The bank says:

"We insist that under the pleadings and evidence in this case the contract plead was a nullity, that the agent of the plaintiff, R. F. Baker, could have made no contract with the bank as such agent that would have been valid between himself and the bank and that the idea of his loaning to the bank a sum of money to perpetually draw 10% interest was void for the reason that it was against public policy. However, it will not be necessary to burden the court on this proposition."

We consider the first proposition abandoned by this language. The long-established rule of this court is that assignments of error, unsupported by citations of statutes or decisions or argument, will not be reviewed unless it is apparent without further research that they are well taken. Title G. & Surety Co. v. Slinker, 35 Okla. 128, 128 P. 696, and other cases cited under Key Nos. 761 and 1078, Appeal and Error, 2 Okla. Dig. (West). The bank is one doing business by virtue of the laws of the United States, and it is apparent that its laws and decisions would control the issue presented by this proposition. None of its laws or decisions are cited or relied upon. Without pausing to discuss the law of judicial notice as it might apply to a situation of this kind, we repeat what we said in Re Martin's Estate, 183 Okla. 177, 80 P.2d 561:

"As to the conclusions of the trial court concerning the restricted or unrestricted character of the remaining property of the estate, the parties furnish us with little argument and no authority in support of their respective contentions. We are not to be presumed conversant with every act of Congress relating to the property of Osages, and, in the absence of proper reference thereto, we will not search out the details thereof. Neither will the trial court's conclusions be reversed in the absence of adequate argument or authorities sufficiently supporting a contrary view."

Substitute for "Osages" the words "national banks", and the quotation is applicable here.

The basis of the second proposition is that the alleged agreement was oral and created at most only a demand obligation. The bank insists that as to demand obligations a present debt is created and the statute of limitations begins to run from the date of the obligation. This is the general rule.

However, plaintiff relies upon a well-recognized exception. We said in First National Bank v. Bell, 140 Okla. 24, 282 P. 147:

"Here the parties, by express language contained in the note, make a demand a condition precedent, in order to mature the note prior to December 1, 1922. Therefore, in the absence of a prior demand, the statute of limitations did not begin to run against the same until that date.

"37 C. J. 818, announces the following rule: 'A loan of money payable on demand creates a present debt, and the statute of limitation begins to run against the lender from the date of the loan. But the parties may so frame their contract as to make a preliminary demand a prerequisite to a right of action, and in such a case the statute does not begin to run until payment is demanded and refused.'

"In the case of Brown v. Brown, 28 Minn. 501, 11 N. W. 64, it is said: 'Where a loan of a sum of money was made upon the terms and conditions that the debt therefor would become due and payable, with interest, whenever the party making the loan should thereafter demand the same, and not before such time, held, that a demand of payment was part of this contract and a condition precedent to the liability to repay the money, and that the statute of limitations began to run from the date of the demand, and not from

the date of the contract.'

"In the case of Sullivan v. Ellis (C. C. A.) 219 F. 694, in paragraph 1 of the syllabus, the following rule is announced: 'With reference to commercial paper payable on demand, limitations begin to run from the date of the paper; but the rule does not apply if there is anything in the paper, or the circumstances under which it was given, showing that it was not the intention that it should become due immediately'. See, also, Citizens' Bank of Los Angeles v. Jones, 121 Cal. 30, 53 P. 354."

See, also, 17 R. C. L. 770, sec. 136, note 3, and authorities cited.

The evidence is positive and uncontradicted that, although this was a demand obligation, the parties expressly made an actual demand a condition to maturity or liability for repayment. The evidence also conclusively shows that demand was made in February, 1933. The action was filed December 14, 1935, or within three years. Section 101, O. S. 1931, 12 Okla. Stat. Ann. 95, subd. 2.

The judgment is affirmed. The motion for judgment on the supersedeas bond is granted.

RILEY, GIBSON, DAVISON, and DANNER, JJ., concur.