## MORGAN v. RUSSELL.

No. 29989.   Nov. 4, 1941.

Rehearing Denied Nov. 25, 1941.

*119 P. 2d 87.*

R. E. Bowling, of Pauls Valley, for plaintiff in error.

Blanton, Curtis & Blanton, of Pauls Valley, for defendant in error.

CORN, V. C. J.  This is an action on five promissory notes, payable on demand, the total of the principal debt being $600, and the same bearing interest at 4 per cent.   The defendant pleads the statute of limitations of Oklahoma and of Massachusetts, where the notes were executed. The cause was tried to the court, and at the conclusion of the plaintiff's evidence the defendant demurred thereto. Judgment was rendered for the defendant, and the plaintiff appealed.

The defendant borrowed money from and gave his said notes to the Trustees of Holyoke Rotary Club Student Loan Fund at Holyoke, Mass. The first note is dated September 11, 1927, the last May 7, 1929, and the others on intervening dates. The notes were assigned to the plaintiff by the original payees. The defendant made some interest payments on the notes, but the last payment was made on November 7, 1929. This action was commenced February 18, 1938.

In reply to the defendant's answer pleading the statute of limitations as a bar to the action, the plaintiff denied that the action was barred by reason of the tolling of the statute by a written acknowledgment of the debt and a promise to pay, but the plaintiff failed to offer in evidence any such written acknowledgment or promise. Therefore, the court, in passing upon the demurrer to the evidence, had before it only the notes, which showed upon their face that they were barred by the statute of limitations.

As to when the statute of limitations begins to run on a demand note, the rule is discussed in the case of Farmers & Merchants National Bank of Hooker v. Cole, 184 Okla. 337, 87 P. 2d 149, wherein the third paragraph of the syllabus is as follows:

"A loan of money payable on demand creates a present debt, and the statute of limitation begins to run against the lender from the date of the loan. But the parties may so frame their contract as to make a preliminary demand a prerequisite to a right of action, and in such

654

a case the statute does not begin to run until payment is demanded and refused."

No such provision is contained in the notes sued upon in this case, and under the general rule the statute would begin to run on each note from the date thereof, but for the interest payments, and it did begin to run on November 7, 1929, the date of the last payment, which was more than eight years before the action was commenced.

Under the evidence before the court the demurrer was properly sustained, and the judgment is affirmed.

WELCH, C. J., and OSBORN, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY, J., absent.