GILLILAND v. SNEDDEN et al.

No. 31225. Dec. 19, 1944.

Rehearing Denied June 26, 1945.

*159 P. 2d 734.*

R. A. Hefner and Richardson, Shartel, Cochran & Pruet, all of Oklahoma City, for plaintiff in error.

Valjean Biddison and G. C. Spillers, both of Tulsa, for defendants in error.

OSBORN, J. This action was commenced in the district court of Tulsa county by Geraldine R. Snedden and the First National Bank & Trust Company of Tulsa as co-executors of the estate of George William Snedden, deceased, as plaintiffs, against Vera C. Gilliland, as defendant, on November 9, 1935. On December 13, 1938, George W. Snedden, Jr., was substituted as party plaintiff, he having succeeded to the claim from the original plaintiffs. The parties will be referred to herein as they appeared in the trial court.

The plaintiff alleged in the first cause of action that in 1926, George William Snedden and defendant became partners or joint adventurers in the ownership of various corporate stocks and continued such relationship until November 30, 1931; that as a result of said partnership or joint venture the defendant became indebted to George William Snedden in the sum of $22,685.11, which defendant has failed and refused to pay, and that defendant, since January 1, 1932, had been a nonresident of this state. In the second cause of action as amended, it is alleged that defendant executed and delivered to Commerce Trust Company two notes, one dated March 13, 1926, in the sum of $45,000, which was endorsed by J. W. Gilliland and George William Snedden, and the other dated August 17, 1926, in the sum of $15,000, which was signed by defendant and J. W. Gilliland and endorsed by George William Snedden; that George William Snedden paid $22,685.11 on these notes, no part of which has been repaid to George William Snedden or the plaintiff; that the defendant has been a nonresident of this state since January 1, 1932.

The defendant filed an answer denying the partnership, or that George William Snedden ever paid any indebtedness owed by defendant, and in her amended answer she adopts the allegations in the answer and further pleads the statute of limitation.

The plaintiff filed a reply and amended reply alleging that on December 26, 1931, defendant was furnished a written statement of the status of the partnership account which was accepted by defendant without any objections to the amount owed by the defendant, and that defendant is thereby estopped to deny the partnership or the amount due plaintiff.

The defendant filed a motion to strike the reply because it was a departure and not germane to the issues presented by plaintiff's petition, which was denied. The defendant first contends that the trial court erred in such ruling for the reason that the reply attempts to plead an account stated. With this contention we cannot agree. The defendant in her answer specifically denies the existence of a partnership, and the reply alleges facts which plaintiff contends establishes an estoppel to deny the partnership. This cause was not tried on an account stated and defendant does not show how such reply affects her substantial rights. Title 12 O. S. 1941 § 78 provides that the court shall disregard any errors or defect in pleadings or proceedings which do not affect the substantial rights of the adverse party and no judgment shall be reversed or vacated by reason of such error or defects.

The defendant contends that it was error to admit in evidence a carbon copy of a letter written by George William Snedden to the defendant, wherein the amount due was stated and a note was enclosed to be executed by defendant for the amount sued for, together with a detailed statement of the account. Assuming without deciding that such evidence is incompetent, we cannot say that it was reversible error, for the reason that other evidence, including the testimony of an accountant, was introduced to show the account was the same as shown in the letter and the enclosed detailed statement, and such evidence was not prejudicial to defendant. Incompetent evidence, to secure reversal, must affirmatively appear to have caused prejudice to objecting party. Cole v. Ramsey, 124 Okla. 235, 254 P. 962.

The defendant also contends that the court erred in admitting in evidence the hotel records because they were not properly identified by the person making such records. These records were admitted for the purpose of showing that defendant was not in the state during the period covered by the records. We cannot agree that the court erred in admitting such records for the reason that the defendant admitted that she stayed at the hotel during the period covered by the records.

The defendant next contends that there is no competent evidence to establish the existence of a partnership between George William Snedden and the defendant. The question of partnership was a disputed question of fact, and under such circumstances the determination of such issue is to be made by the trier of the facts, and if the evidence as a whole tends to support the findings the same will not be disturbed upon appeal. Price v. Smith, 116 Okla. 27, 243 P. 153. From an examination of the entire record we cannot say that the finding of the trial court is not supported by the evidence. The defendant executed the note and knew the money was used for the purchase of the stock as shown by the contracts executed by the defendant. The record contains letters signed by the defendant, wherein she acknowledged the existence of the partnership and authorized the payment of money from the account.

The defendant next contends that the court erred in holding that the cause of action was not barred by the statute of limitation. The court rendered judgment upon the first cause of action alleged by the plaintiff, and the limitation prescribed by Title 12 O. S. 1941 § 95, subd. 2, applies. Patterson v. Bonner, 73 Okla. 224, 175 P. 826; Wolf v. North, 182 Okla. 520, 78 P. 2d 674. The trial court made a specific finding, "that the defendant, Vera C. Gilliland, was out of the State of Oklahoma between November 30, 1931, and October 10, 1935, more than ten months and ten days, and that the three-year statute of limitation, if applicable, had not run at the time the action was commenced and service had herein." Title 12 O. S. 1941 § 98 provides that if a person depart from the state, or abscond, or conceal himself, after the cause of action accrues, the time of his absence or concealment shall not be computed as any part of the period within which the action must be brought. The cause of action upon which judgment was rendered arose not earlier than November 30, 1931. The petition having been filed and service of summons had on November 10, 1935, a period of three years, ten months and ten days elapsed before suit was brought. The evidence concerning the absence of the defendant from the state establishes that she spent a part of the year 1932 in Texas; in 1933 she spent a large portion of her time in Texas and elsewhere, without the State of Oklahoma; that on April 26, 1934, she stored her furniture and, in her own language, "drifted with the tide" to Hollywood, Calif., Cascade, Colo., and Dallas, Tex., staying in the various hotels for varying lengths of time. Inferentially, she had given up her residence in Oklahoma entirely in April, 1934, and by her admission she definitely left Oklahoma and moved to Texas in the summer of 1935.

It is urged that, even though the court found that defendant was absent from the state a sufficient length of time to toll the statute, she nevertheless maintained a residence within the state and that service of summons could have been had upon her by leaving a copy of the summons with her daughter. We find it unnecessary to construe section 98, supra, for the record herein is clear, we believe, that not only was she absent from the state the requisite length of time to toll the statute, but also that such absence was under such circumstances, including likewise the absence of her daughter from the state a large portion of the time, and the fact that she gave up her own place of abode and stored her furniture, that service of summons could not be had upon her within the state during the period of time found by the

court to prevent the running of the statute.

The defendant contends that the judgment is excessive and is not·sustained by the evidence. After an examination of the entire record, we cannot say that the judgment is excessive or that it is not sustained by the clear weight of the evidence. The partnership account shows that· George W. Snedden had paid $15,685.11, and the evidence further shows that the defendant had authorized the payment of $7,000 to J. S. Gilliland to be charged against defendant's account, which made the total amount of the judgment.

Affirmed.

CORN, C. J., GIBSON, V.C.J., and RILEY, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur.