**William D. JOHNSON, Plaintiff in Error,**

v.

**H. T. SMITH, Defendant in Error, and Cross-Petitioner.**

No. 40893.

Supreme Court of Oklahoma.

July 5, 1966.

Wallace & Bickford, by Wilson Wallace, Ardmore, for plaintiff in error.

George & George, Ardmore, for defendant in error.

PER CURIAM.

Two issues are presented for·our determination, which are:

(1) Does the filing of a cross-petition in᾽ error invoke the jurisdiction of ,the Supreme Court to consider the specifications of error therein asserted if cross-petitioner did not file a motion for a new trial?

We answer this issue in the negative and dismiss the cross-petition in error.

(2) If P sues D for an accounting arising from a land transaction in which P and D were jointly interested, and D, in his answer, asserts as a credit or setoff a boat transaction between the parties, does the statute of limitation bar any affirmative relief alleged and prayed for in a second cause of action subsequently pleaded by P arising from the boat transaction where P's action on the boat transaction is in itself barred by limitations?

We answer this issue in the affirmative and affirm the judgment of the trial court.

PLEADINGS

Since the applicability of the statute of limitation is purely a question of law under the circumstances presented, we will summarize the pleadings only as the same

are necessary in determining the issues presented.

Plaintiff in error will be referred to as plaintiff and defendant in error will be referred to as defendant.

On January 19, 1955, plaintiff filed an action for an accounting against defendant arising from a land transaction in which plaintiff and defendant were jointly interested.

On February 15, 1955, defendant in his answer admitted the material allegations concerning the land transaction, but asserted as a credit or setoff a boat transaction between the parties. Defendant alleged that after the boat transaction had been completed, he adjusted the accounts of the parties involving the land and boat transactions and transmitted to plaintiff by check the sum due and owing; and that plaintiff refused to accept the check and returned the same. Defendant tendered the check, or in lieu thereof, the cash.

On September 26, 1960, plaintiff filed a Reply and renewed his prayer for relief involving the land transaction and prayed that defendant be required to make an accounting on all the transactions between the parties, including the boat transaction and that judgment be rendered against defendant accordingly.

On October 3, 1960, the trial court sustained defendant's motion to strike from the plaintiff's prayer that portion relating to an accounting involving the boat transaction.

On April 26, 1962, plaintiff filed an amended petition wherein he restated the land transaction in his first cause of action; and as a second cause of action, alleged the boat transaction and sought affirmative relief against defendant arising therefrom.

In defendant's answer to plaintiff's amended petition, defendant alleged that all claims and demands of plaintiff were barred by the statute of limitation.

## JUDGMENT

The trial court determined that plaintiff's first cause of action in his amended petition

was not barred by the statute of limitation on the date of filing the original action on January 19, 1955, and that plaintiff was entitled to an accounting with respect to the land transaction.

It further determined that plaintiff's second cause of action which involved the boat transaction, filed on April 26, 1962, was barred by the statute of limitation as an affirmative action against defendant, but that plaintiff was entitled to an accounting on the boat transaction in determining whether defendant was entitled to a credit or setoff against plaintiff arising from the land transaction.

## PROPOSITION I

Defendant filed a cross-petition in error and challenges that portion of the judgment which held that plaintiff's first cause of action in regard to the land transaction was not barred by the statute of limitation; and that portion of the judgment involving the boat transaction determining that plaintiff was entitled to an accounting on the boat transaction in determining whether defendant was entitled to a credit or setoff against plaintiff arising from the land transaction.

Defendant failed to file a motion for a new trial. In Burns v. Woodson, Okl., 363 P.2d 233, we held that a cross-petition in error will not be considered where the record shows that no motion for a new trial was filed by cross-appellant and that a cross-appeal must be prosecuted like other appeals or it will be dismissed.

■ Since defendant failed to file a motion for new trial, his cross-petition in error is accordingly dismissed.

## PROPOSITION II

Plaintiff contends that his second cause of action in which he sought affirmative relief against defendant arising from the boat transaction is not barred by limitations for the reason the boat transaction was raised by defendant in his answer and asserted as a credit or setoff. Plaintiff argues that a cause of action by a member of a joint venture for an accounting accrues

only on completion of the joint venture and final adjustment of their accounts; and that a trust was created and that the statute of limitation had not commenced to run in favor of the defendant, as trustee.

In our opinion, the land transaction and the boat transaction constituted two separate and distinct transactions between the parties and the only issue presented here is whether plaintiff's action for affirmative relief arising from the boat transaction is barred by limitations.

In McGann v. McGann, 169 Okl. 515, 37 P.2d 939, we held that limitations do not begin to run in favor of the trustee of a resulting trust until a clear repudiation of his trust is brought to the knowledge of the cestui que trust. In Wolfe v. North, 182 Okl. 520, 78 P.2d 674, we held that an action by one member of a joint adventure to compel an accounting and to recover his share of the profits realized therefrom, in the absence of a written contract is governed by subdivision 2, Section 101, O.S.1931, (Title 12 O.S.1961, Sec. 95, subdivision 2), providing that an action upon a contract, express or implied, not in writing, must be brought within three years after the cause of action accrued.

In considering defendant's answer, filed on February 15, 1955, in connection with certain correspondence exchanged between the parties prior to the institution of this action, we can only conclude that plaintiff's cause of action arising from the boat transaction commenced to run *no later than February 15, 1955.*

Since plaintiff's second cause of action seeking affirmative relief arising from the boat transaction was not commenced within three years from February 15, 1955, such action would be barred by limitations. However, in analyzing the pleadings and stripping them of all legal technicalities, which in our opinion will not in any way prejudice the rights of the parties, we will assume that by reason of defendant placing in issue the boat transaction in his answer as a credit or setoff, plaintiff's second cause of action based thereon is in the nature of a counterclaim to defendant's alleged setoff.

Title 12 O.S.1961, Sec. 102, provides: "When a right of action is barred by the provisions of any statute, it shall be unavailable either as a cause of action or ground of defense, except as otherwise provided with reference to a counterclaim or setoff."

Title 12 O.S.1961, Sec. 273, provides: "* * * Provided, that either party can plead and prove a setoff or counterclaim of the proper nature, in defense of the liability sought to be enforced by the other party, and it shall not be necessary that such setoff shall exist as between all parties plaintiff and defendant in such suit, but any party may enforce his setoff or counterclaim against the liability sought to be enforced against him. Such setoff or counterclaim shall not be barred by the statutes of limitations until the claim of the plaintiff is so barred."

Insofar as applicable to the record herein presented, we can see no distinction between a counterclaim and a setoff with reference to limitations under the above statutory provisions. In White v. Mitchell, Okl., 279 P.2d 950, defendant alleged a setoff although the setoff in itself was barred by limitations. In that case we held that defendant was entitled to a setoff to the extent of the liability sought to be enforced against him, but was not entitled to a judgment over for the excess, i. e., any affirmative relief.

■ Although plaintiff's second cause of action in itself is barred by limitations, plaintiff is entitled to relief on such cause (the boat transaction) to the extent of credit or setoff that is sought to be enforced by defendant, but would not be entitled to any affirmative relief in said cause. This is in line with the judgment of the trial court wherein it determined that plaintiff's second cause of action was barred by limitations and he was not entitled to any affirmative relief against defendant

by reason of said action, but was entitled to an accounting in determining whether defendant was entitled to a credit or set-off arising from the boat transaction.

Judgment affirmed.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, WILLIAMS, BLACK-BIRD, IRWIN, BERRY and LAVENDER, JJ., concur.

The Court acknowledges the aid of Supernumerary Judge Leslie W. Webb in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.