**William B. STROMBLAD, Appellee,**

v.

**The WILDERNESS ADVENTURER, INC., an Oklahoma Corporation, Defendant,**

**Dr. Ken Segroves, Appellant-Intervenor.**

No. 49642.

Court of Appeals of Oklahoma, Division 1.

Jan. 10, 1978.

Rehearing Denied Feb. 21, 1978.

Released for Publication by Order of Court of Appeals March 17, 1978.

Blackstock, Joyce, Pollard, Blackstock & Montgomery by William C. Kellough, Tulsa, for appellee.

Rucker, Tabor, McBride & Hopkins, Inc. by R. Dow Bonnell, Tulsa, for appellant-intervenor.

REYNOLDS, Judge:

This is an appeal taken by Dr. Ken Segroves, intervenor in the trial court, from a final order and judgment sustaining the plaintiff's motion for summary judgment filed in response to the intervenor's two causes of action brought against plaintiff arising from an oral agreement to repay monies loaned plaintiff for purchase of corporate stock of The Wilderness Adventurer, Inc., the defendant.

The original action commenced on August 28, 1973, and after a demurrer was sustained to his original petition, he amended the petition. This amended petition alleged in substance the plaintiff owned over 30% of the stock of the defendant corporation and sought dissolution of the corporate entity under 18 O.S.1971, § 1.195 et seq. to protect the shareholders of the corporation. The plaintiff plead the corporation had not been operated as agreed upon prior to incorporation by the sole remaining shareholder Kenneth L. Segroves, and that he had even been excluded from inspecting corporate records and participating in the conduct of the corporate business and in addition, discharged as an employee of the corporation.

Dr. Ken Segroves filed a motion to intervene and his petition in intervention was filed on September 23 of 1975. The intervenor's petition alleges he loaned the plaintiff $3000 for the purchase of the stock in the defendant corporation. The petition in intervention states the plaintiff "has held and continues to hold" that stock in contravention of the plaintiff's agreement with him to deliver the stock as security for the promised repayment of the loan. The relief requested by intervenor in his first cause of

action was a prayer for an order directing the plaintiff to deliver the stock as in specific performance of his agreement. The second cause of action sought a money judgment in the amount of the purchase price plus fees and costs to be impressed as a lien on the plaintiff's stock.

After generally denying the intervenor's petition against him, the plaintiff filed a motion for judgment where the facts are not controverted. This motion alleges plaintiff entitled to a judgment in his favor against the petition in intervenor's first cause of action because the intervenor's petition states the shares were never delivered as security for the loan of the purchase money. Under 12A O.S.1971, § 9–203 the alleged security interest in the stock would be unenforceable in the light of the uncontroverted fact that the intervenor stated in a deposition that plaintiff executed *no* written security agreement pursuant to this transaction. The plaintiff's motion states he is entitled to judgment on the second cause of action because it is barred by the limitation provided by 12 O.S.1971, § 95. Second:

> "Civil Actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards.
>
> $*$ $*$ $*$ $*$ $*$ $*$
>
> Second. Within three years: an action upon any contract, express or implied not in writing; an action upon a liability created by statute other than a forfeiture or penalty."

Included in this motion is an affidavit of the plaintiff stating that he purchased the stock in two transactions, the last of which occurred on April 10, 1972, and that no written agreement to repay the loan was executed by him. The trial court sustained plaintiff's motion for summary judgment, and gave the intervenor 15 days to amend his petition. Fifteen days out of time he requested the trial court to vacate the judgment and allow him to amend his petition. The trial court refused to vacate the judgment on the grounds that the party desiring

to vacate the judgment has not complied with 12 O.S.1971, § 1031. Intervenor appeals from the judgment in contending in substance that the movant was not entitled to judgment on the statute of limitation question and that a genuine question of fact existed.

■ The appellant asserts the court erred as a matter of law in basing its ruling on the statute of limitations question on the computation of the limitation period as beginning to run under these facts from the date the contract was entered into. In support of this contention appellant cites *U. S. Fidelity & Guaranty Co. v. Fidelity Trust Co.*, 49 Okl. 398, 153 P. 195 (1916) and *Wolfe v. North*, 182 Okl. 520, 78 P.2d 674 (1938). In *U. S. Fidelity & Guaranty Co. v. Fidelity Trust* held that unless the petition discloses upon its face the statute has run and the action is barred, a demurrer is not properly sustainable. *Wolfe v. North*, supra, states that the statute does not begin to run until the cause of action accrued. The plaintiff contends the agreement between the parties creates a demand obligation, and calls our attention to the rule that a loan of dollars on demand creates a present debt and the statute of limitations begins to run against the lender from the date of the loan. *Farmers & Merchants Nat. Bank of Hooker v. Cole*, 184 Okl. 337, 87 P.2d 149 (1939). We have reviewed the record and find no evidence that the agreement reached by the parties to the transaction provided the loan was payable upon demand. The record demonstrates only that the time of repayment was not specifically agreed upon. The record shows that an express oral contract (an oral agreement actually made by the parties and not implied in law) was entered into by the parties which did not specify a time for repayment of the money loaned. The statute of limitations, 12 O.S.1971, § 95 Second does not begin to run until a reasonable time for the performance of the agreement has lapsed. *Grayson v. Crawford*, 189 Okl. 546, 119 P.2d 42 (1941); *Newman v. Roach*, 111 Okl. 269, 239 P. 640 (1925); *Newman v. Roach*, 140 Okl. 210, 282 P. 287 (1929). For the statute to have run against this cause of action in this instance the intervenor's petition must have been filed more than 3 years after a reasonable time for repayment has expired. 12 O.S.1971, § 95 Second; 15 O.S.1971, § 173. Exactly what is a reasonable time for purposes of determining when the statute of limitations begins to run is a question for the jury to determine in the light of all the circumstances disclosed by the evidence. *Handler v. Thompson*, 199 Okl. 52, 182 P.2d 756 (1949); *Webb v. Moran*, 186 Okl. 140, 96 P.2d 308 (1939); *Newman v. Roach*, 140 Okl. 210, 282 P. 287 (1929). There exists an unresolved question of fact and therefore it was error to grant summary judgment for plaintiff against the intervenors second cause of action. The summary judgment on intervenor's second cause of action is reversed.

■ The intervenor has not submitted authority to substantiate the allegation that the trial court erred in granting summary judgment against the first cause of action on the grounds that no enforceable security agreement existed in connection with the stock purchase money loan. Assignments of error are treated as abandoned and are waived, where not verified or argued. Sooner *Drainboard v. Deaton*, 512 P.2d 1185 (Okl.1973); *Stinson v. Sherman*, 405 P.2d 172 (Okl.1965).

The summary judgment granted plaintiff on the intervenor's first cause of action is affirmed. The summary judgment granted plaintiff against the intervenor's second cause of action is reversed and the cause is remanded for trial.

AFFIRMED IN PART; REVERSED IN PART.

BOX, P. J., and ROMANG, J., concur.